1  RENEE KENNEDY (SBN 24012954)
2  Appearance *pro hac vice*
3  apple.reneekennedy@gmail.com
4  1620 S. Friendswood Dr., Ste. Apple
5  Friendswood, TX 77546
6  Telephone: 832-428-1552
7
8  SETH W. WIENER (SBN 203747)
9  sethwiener@yahoo.com
10 609 Karina Court
11 San Ramon, CA 94582
12 Telephone: 925-487-5609
13
14 Attorneys for Plaintiffs
15 ADKINS, GALINDO & ENGLISH
16
17
18                    UNITED STATES DISTRICT COURT
19                   NORTHERN DISTRICT OF CALIFORNIA
20                         SAN FRANCISCO DIVISION

| | |
|---|---|
| PATRICIA SUE ADKINS, JENNIFER GALINDO, and FABRIENNE ENGLISH, On behalf of themselves and all others similarly situated, | Case No. 3:14-cv-01619-WHO |
| | **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO IDENTIFY CLASS MEMBERS** |
| Plaintiffs, | |
| v. | Hearing: Sept. 3, 2014<br>Time: 2:00 p.m.<br>Judge: William H. Orrick<br>Courtroom: 2, 17th Floor |
| APPLE, INC., APPLECARE SERVICE COMPANY, INC., and APPLE CSC, INC., | |
| Defendants. | Complaint Filed: November 4, 2013<br>Transfer to N.D. Cal.: April 3, 2014<br>Trial Date: None Set |

21
22
23         **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF**
24              **PLAINTIFFS' MOTION TO IDENTIFY CLASS MEMBERS**
25
26
27
28

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

I. STATEMENT OF FACTS ............................................................................................... 1

II. ARGUMENT AND AUTHORITIES ............................................................................. 3

    A.   California Policy Favors Precertification Class Discovery ................................. 3

        1.   A Proper Application of the *Parris* Balancing Test Mitigates in Favor of Ordering Precertification Discovery of the Identity of Class Members ........................................ 4

        2.   The Present Case is Distinguishable from the *First American* Line of Cases ................ 8

    B.   Lack of Standing by Named Plaintiffs Is Not Fatal to Cause of Action ............................. 9

    C.   The First Amendment Protects Plaintiffs' Counsel's Right to Contact Other Putative Class Members, and Privacy Interests Do Not Trump Precertification Discovery .......... 10

III. CONCLUSION ............................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**                                                              **Page(s)**

*Aryeh v. Canon Bus. Solutions, Inc.*,
    55 Cal. 4th 1185, 1196 (Cal. 2013)..................................................................................7

*Belaire-West Landscape v. Superior Court*,
    149 Cal. App. 4th 554 (2007)..........................................................................................11

*Best Buy Stores, L.P. v. Superior Court*,
    137 Cal. App. 4th 772 (2006)..................................................................................4, 5, 10

*Branick v. Downey Sav. & Loan Ass'n*,
    46 Cal. Rptr. 3d 66, 138 P.3d 214 (Cal. 2006)...............................................................10

*CashCall, Inc. v. Superior Court*,
    71 Cal. Rptr. 3d 441 (Cal. Ct. App. 2008)...................................................4, 5, 6, 7, 9, 10

*City of San Jose v. Superior Court*,
    525 P.2d 701 (Cal. 1974)...................................................................................................3

*Cryoport Sys. v. CNA Ins. Cos.*,
    57 Cal. Rptr. 3d 358 (Cal. Ct. App. 2007)........................................................................8

*First Am. Title Ins. Co. v. Superior Court*,
    53 Cal. Rptr. 3d 734 (Cal. Ct. App. 2007)........................................................................8

*La Sala v. Am. Sav. & Loan Ass'n*,
    489 P.2d 1113 (Cal. 1971).................................................................................................3

*Lee v. Dynamex, Inc.*,
    166 Cal. App. 4th 1325 (2008)........................................................................................11

*Parris v. Superior Court*,
    135 Cal. Rptr. 2d 90 (Cal. Ct. App. 2003)..................................................................4, 10

*Pioneer Elecs. v. Superior Court*,
    150 P.3d 198 (Cal. 2007)............................................................................................4, 11

*Safeco Ins. Co. of America v. Superior Court*,
    173 Cal. App. 4th 814 (2009)............................................................................................4

*Starbucks Corp. v. Superior Court*,
    194 Cal. App. 4th 820 (2011)..............................................................................3, 4, 8, 9

**Other Authorities**

Cal. Civ. Proc. Code § 473(a)(1)................................................................................................9

MEMORANDUM OF POINTS AND AUTHORITIES

**I. STATEMENT OF THE FACTS**

This class action alleges that defendants APPLE, INC., and Apple subsidiaries or affiliated companies doing business as APPLECARE SERVICE COMPANY, INC., and APPLE CSC, INC., (hereinafter collectively "Defendants" or "APPLE") engaged in unlawful, unfair, and fraudulent practice, scheme, and/or plan to sell electronic devices, including, but not limited to, computers, cellular telephones, and iPod and iPad devices, (collectively called "Class Devices" herein), and to sell APPLECare and APPLECare+ extended warranties (collectively called "Extended Warranties" herein) for those devices, without revealing to consumers prior to the sale of the Class Devices and Extended Warranties that APPLE's Extended Warranties permit APPLE (1) to make repairs to malfunctioning or damaged Class Devices with used or reconditioned parts that are not the functional equivalent of new parts, and (2) to replace new Class Devices with used or reconditioned devices that are not the functional equivalent of new devices.

As a result of the aforesaid practice, scheme, and/or plan, Plaintiffs ADKINS, GALINDO, and ENGLISH (collectively "Named Plaintiffs"), and similarly situated consumers in the United States, purchased APPLE Class Devices and Extended Warranties, rather than purchasing competing devices and/or warranties or foregoing such purchases, unjustly enriching APPLE, impairing the competitive marketplace, and causing economic harm to Plaintiffs and consumers through unfair competition. For these reasons, the three Named Plaintiffs, all APPLE customers harmed by economic loss by purchasing products they otherwise would not have, brought suit, alleging that such conduct violates the Consumer Legal Remedies Act, California

False Advertising Law, California Secondhand Merchandise Labeling Law, and California Unfair Competition Law, and that such conduct constitutes fraud.

Plaintiffs' Counsel (Renee Kennedy) has had some prior relationship with two of the three Named Plaintiffs (i.e., ADKINS and GALINDO). Specifically, ADKINS had done some transcription work for a book written by Plaintiffs' Counsel's children, and began keeping the calendar for said counsel until ADKINS' health failed her. GALINDO is a contract paralegal who works for Plaintiffs' Counsel (Renee Kennedy).

In a pretrial hearing, APPLE announced plans to file a Motion for Summary Judgment, and object to two of the three Named Plaintiffs on the grounds that two of the three purchased their APPLE products on the same day, making it appear as though the purchases were "disingenuous." In fact, the reason that these two Class Devices were purchased on the same day is that Plaintiffs' Counsel (Renee Kennedy) had given the two Named Plaintiffs small monetary gifts to thank them for their excellent work and to use however they wished.

Additionally, Plaintiff ADKINS is of old age and poor health, and has lost two siblings in under a year. Therefore, ADKINS may need a replacement at a later date anyway; therefore, it is important that additional senior Class Representative Plaintiffs be added to the suit to cover the possibility that ADKINS' health deteriorates further, especially because ADKINS is needed to represent the class of seniors in this suit. Since health issues and death are prevalent amongst seniors, multiple Class Representatives in this class are warranted.

Finally, Although Plaintiffs' Counsel maintains that such prior relationships with Plaintiffs creates no conflict of interest or other grounds for disqualification, it is understood that the Court may choose to disallow Plaintiffs' Counsel from representing said Plaintiffs in this action. In case any or all of the Named Plaintiffs are disqualified or unable to be represented by

1   Plaintiffs' Counsel for any reason, Plaintiffs' Counsel seeks discovery of the identity of other
2   potential plaintiffs who are part of the affected class.

3   Plaintiffs' Counsel has already asked APPLE to provide them with a list of potential class
4   members, but this list has not been provided. A subsequent formal Request for Production was
5   just served on APPLE on July 18, 2014, but it is highly unlikely that the information will be
6   produced by the production deadline and without Order of the Court. As such, Plaintiffs'
7   Counsel has filed a Motion to Identify Class Members asking the Court to order APPLE to
8   provide a list of potential class members, and offers this Memorandum in support thereof. Should
9   the Court grant Plaintiffs' Motion to Identify Class Members, Plaintiffs propose that upon receipt
10  of the requested information, a letter to potential class members should be sent through a third
11  party mailing house to potential class members' e-mail and physical addresses, with Defendant
12  bearing the cost of sending said letter. Plaintiffs have accordingly also filed a Notice with a draft
13  of the proposed letter to be sent.

14                          **II. ARGUMENT AND AUTHORITIES**

15      *A) California Policy Favors Precertification Class Discovery*
16
17  California courts have recognized that the class action suit is "a product of equity . . . . It
18  rests on considerations of necessity and convenience, adopted to prevent a failure of justice."
19  *City of San Jose v. Superior Court*, 525 P.2d 701 (Cal. 1974). In order to achieve a just result in
20  class actions, California courts have long allowed plaintiffs to amend their complaints in order to
21  substitute in new representatives if the named plaintiffs have been found to be inadequate. *La*
22  *Sala v. Am. Sav. & Loan Ass'n*, 489 P.2d 1113, 1117 (Cal. 1971) ("If . . . the court concludes that
23  the named plaintiffs can no longer suitably represent the class, it should at least afford plaintiffs
24  the opportunity to amend their complaint, to redefine the class, or to add new individual

plaintiffs . . . ."). To enable plaintiffs to amend their complaint, a trial court may order precertification discovery of the identities of putative class members. *See, e.g.*, *Starbucks Corp. v. Superior Court*, 194 Cal. App. 4th 820, 825 (2011); *Safeco Ins. Co. of America v. Superior Court*, 173 Cal. App. 4th 814, 829 (2009); *CashCall, Inc. v. Superior Court*, 71 Cal. Rptr. 3d 441, 456 (Cal. Ct. App. 2008); *Best Buy Stores, L.P. v. Superior Court*, 137 Cal. App. 4th 772, 779 (2006).

Precertification discovery is not a matter of right; instead, it is a matter of the trial court's discretion. *Starbucks Corp.*, 194 Cal. App. 4th at 825; *Best Buy Stores, L.P.*, 137 Cal. App. 4th at 779. When deciding whether to order a precertification discovery of the identity of class members, a trial court applies the *Parris* balancing test. *CashCall, Inc.*, 71 Cal Rptr. 3d at 454 (rejecting a bright-line rule disallowing precertification discovery when named plaintiffs never had standing); *see generally Parris v. Superior Court*, 135 Cal. Rptr. 2d 90 (Cal. Ct. App. 2003). When applying this test, the trial court "must . . . expressly identify any potential abuses of the class action procedure that may be created if the discovery is permitted, and weigh the danger of such abuses against the rights of the parties under the circumstances." *CashCall, Inc.*, 71 Cal Rptr. 3d at 456 (quoting *Parris*, 135 Cal. Rptr. 2d at 103); *see also Best Buy Stores, L.P.*, 137 Cal. App. 4th at 779.

### 1. *A Proper Application of the* Parris *Balancing Test Mitigates in Favor of Ordering Precertification Discovery of the Identity of Class Members*

In this case, the danger of abuse of the class action procedure is low and outweighed by Plaintiffs' Counsel's right to pursue information about her case. *See Pioneer Elecs. v. Superior Court*, 150 P.3d 198, 205 (Cal. 2007) ("Contact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case."). As such, under the *Parris* balancing test, the

Court should order precertification discovery in order to identify potential class members, as indicated by the following cases.

In *Best Buy Stores, L.P. v. Superior Court*, the trial court did not err in granting a precertification discovery request for the purpose of identifying potential substitute representatives in a class action suit. 137 Cal. App. 4th at 774. In the case, the class action representative, Boling, was also the lawyer who filed the case. *Id.* However, due to this fact, Boling was precluded by a conflict-of-interest rule to serve as a class representative. *Id.* Facing dismissal of the case, Boling moved for "precertification discovery to seek class representatives," and the trial court granted the motion. *Id.* at 775. On appeal, the California Court of Appeal held that the trial court properly applied the *Parris* balancing test in deciding to grant the motion, and that "[d]iscovery to ascertain a suitable class representative [was] proper." *Id.* at 779.

Similarly to *Best Buy*, here a conflict of interest may exist due to Plaintiffs' Counsel's prior relationship with two of the named class representatives. While Plaintiffs' Counsel is not herself a class member, as was the case in *Best Buy*, the principle put forth by the *Best Buy* case should still apply—under the *Parris* balancing test, precertification discovery is properly granted when a class representative is disqualified due to a conflict of interest between that representative and Plaintiffs' Counsel. Should such a conflict exist between Plaintiffs' Counsel and one or more of the named class members, a chance should be afforded to ascertain suitable class representatives. *See id.*

In *CashCall, Inc. v. Superior Court*, the California Court of Appeal found that the trial court properly ordered precertification discovery, even though none of the original named plaintiffs ever had standing. 71 Cal. Rptr. 3d at 457–59. In the case, a class action suit was brought by three plaintiffs who purported to be representative of a class of consumers that had

1  their telephone conversations with CashCall illegally monitored. *Id.* at 444. It was later
2  discovered that the three named plaintiffs, though customers of CashCall, did not have their
3  conversations monitored. *Id.* at 445. The named plaintiffs filed a motion to compel CashCall to
4  identify class members who were illegally monitored. *Id.* CashCall opposed the motion, wanting
5  the court to adopt a bright-line rule that plaintiffs who never had standing could not move for
6  discovery of class members. *Id.* at 446. CashCall argued that the risk of abuse in such situations
7  was high, noting the opportunity for use of straw plaintiffs (plaintiffs that have no connection to
8  the class action suit being used to compel disclosure of suitable plaintiffs). *Id.* at 458.

9        The Court of Appeal rejected adoption of the proposed bright-line rule and instead held
10 that named plaintiffs who never had standing may still move for discovery of suitable class
11 members. *Id.* at 444. In applying the *Parris* balancing test, the trial court reasonably found that
12 the rights of the class members outweighed the chance for abuse of the class action procedure.
13 *Id.* at 456. In addressing the rights of the parties, the court considered the secretive nature of the
14 monitoring, the potential tolling of the statute of limitations, and the fact that there was no other
15 action of enforcement pending to provide relief to the class members. *Id.* As such, the rights of
16 the class members were "significant." *Id.* In addressing the chance for abuse, the court noted that
17 the original named plaintiffs were customers of CashCall and had good reason to believe that
18 they were part of the affected class. *Id.* at 458. As such, this was not a case of using straw
19 plaintiffs. *See id.*

20       Similarly to *CashCall*, in the present case it may be discovered that none of the Named
21 Plaintiffs have standing to represent the class that has been defrauded by APPLE. However,
22 under the *CashCall* holding, should it be found that that none of the Named Plaintiffs have or
23 ever had standing, the *Parris* balancing test, rather than a bright-line rule, should be applied. *Id.*

at 444. Under the *Parris* balancing test, the rights of the class members in this case are significant while the chance for abuse is low. Just as in *CashCall*, here there is no other action pending to provide relief to the class members. Additionally, just as the secretive nature of the call monitoring in *CashCall* left many customers unaware that their rights had been violated, here, the nature of APPLE's extended warranty is such that many in the aggrieved class may not know that their devices have been repaired or replaced with used or refurbished parts, or that their devices are subject to such repair or replacement. Therefore, a list of APPLECare or APPLECare+ purchasers is essential in order for potential class members to learn of APPLE's scheme and to enforce their rights. *See id.* at 455–56. Finally, as in *CashCall,* here there is a possible statute of limitations issue, as the California Supreme Court has recently held that UCL claims are subject to common law accrual and tolling doctrines. *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal. 4th 1185, 1196 (Cal. 2013). As such, the clock is ticking on some or all of plaintiffs' and potential plaintiffs' claims. Without disclosure of class members, many may be left without remedy. *See CashCall*, 71 Cal. Rptr. 3d at 456–57 ("[A]bsent that knowledge [of CashCall's illicit activity], there is, as the trial court noted, a potential time bar . . . that could preclude all or some of the 551 class members from ever obtaining any relief . . . ."). For these reasons, the rights of the Plaintiffs' in this case are significant.

Further, as in *CashCall*, here there is no abuse of the class action procedure. All of the Named Plaintiffs are customers of APPLE and have recently bought APPLE Class Devices and Extended Warranties. As such, they have reason to believe that they are suitable class members; they are not merely straw plaintiffs being used to compel discovery of the affected class. In order to protect the rights of the affected class, and because the chance for abuse in this case is low, in

the event that the Named Plaintiffs are disqualified to represent the class, the court should grant Plaintiffs' motion to identify class members.

### 2. *The Present Case is Distinguishable from the* **First American** *Line of Cases*

The present case is distinguishable from cases where precertification discovery motions were denied. For instance, in *First American Title Ins. Co. v. Superior Court*, the California Court of Appeal applied the *Parris* balancing test and found that the potential abuses of granting precertification discovery outweighed the rights of the parties in the case. 53 Cal. Rptr. 3d 734, 743–44 (Cal. Ct. App. 2007). However, in *First American*, the plaintiff's attorneys were attempting to use an "*acknowledged stranger*" to the class action in an attempt to obtain more appropriate clients. *Id.* at 743. In short, the named plaintiff was merely being used "as a placeholder to obtain more appropriate clients." *Starbucks Corp.*, 194 Cal. App. 4th at 826. This fact made a strong showing of abuse of the class action procedure and weighed heavily against granting precertification discovery; accordingly the motion was denied. *First American*, 53 Cal. Rptr. 3d at 744; s*ee also Cryoport Sys. v. CNA Ins. Cos.*, 57 Cal. Rptr. 3d 358, 362 (Cal. Ct. App. 2007) (reiterating the holding of *First American* that plaintiffs with no interest in the class action litigation should not be used as placeholders until recertification discovery uncovers more appropriate plaintiffs.)

Unlike *First American*, here the Named Plaintiffs are not serving as mere placeholders so that more appropriate clients can be discovered. As discussed above, here the three Named Plaintiffs have a good-faith belief that they are members of the affected class, as all three are customers of APPLE and have reason to believe that they fell victim to APPLE's fraudulent business practices. Should the Named Plaintiffs be found inadequate, the Named Plaintiffs are

1 more akin to the plaintiffs found in *CashCall* (i.e., plaintiffs with a reasonable belief that they are

2 members of the affected class), not those found in *First American* (i.e., plaintiffs being used as

3 placeholders until more appropriate plaintiffs can be discovered).

4 Further, the present case is distinguishable from *Starbucks Corp. v. Superior Court*, a

5 case in which a precertification discovery order granted by the trial court was found to be an

6 abuse of discretion. 194 Cal. App. 4th at 828. In *Starbucks*, a class action suit was brought

7 against Starbucks for violation of a law which required the destruction of all records of minor

8 marijuana convictions over two years old, and which prohibited employers from asking about

9 such convictions. *Id.* at 822. After being found to lack standing, Named Plaintiffs moved for

10 precertification discovery of other class members—Starbucks employees with minor marijuana

11 convictions—which the trial court granted. *Id.* However, the Court of Appeal reversed this order,

12 noting that by requiring Starbucks to disclose the names of employees with marijuana

13 convictions, the very privacy rights at issue in the class action suit would have to be violated. *Id.*

14 at 823, 826–28. As such, the trial court abused its discretion in ordering precertification

15 discovery. *Id.* at 828. In the present case, however, no such privacy rights are at issue. As

16 discussed in subpart C below, while the privacy rights of APPLE customers are to be considered,

17 a precertification discovery order will not violate the very rights that the class action seeks to

18 protect.

19 **B) Lack of Standing By Named Plaintiffs Is Not Fatal to Cause of Action**
20
21 Even though a named plaintiff in a class action suit may lack standing to pursue the

22 action after being determined to be an inadequate representative of the class, a court must treat

23 this as a mistake in the name of the party which can be amended. *CashCall, Inc.*, 71 Cal Rptr. 3d

24 at 451. The California Code of Civil Procedure provides that "[t]he court may, in furtherance of

justice . . . allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect . . . ." Cal. Civ. Proc. Code § 473(a)(1). This code section is to be construed liberally as to allow for the substitution of plaintiffs with standing for named plaintiffs without standing. *CashCall, Inc.*, 71 Cal Rptr. 3d at 451. This is true even if the named plaintiff who lacks standing has *never had* standing, even at the outset of the suit. *Id.* at 453. Should the Court determine that any or all of the Named Plaintiffs in this suit lack standing, the case should not be dismissed until plaintiffs have a chance to amend their pleading to substitute new and adequate plaintiffs. *See Branick v. Downey Sav. & Loan Ass'n*, 46 Cal. Rptr. 3d 66, 71, 138 P.3d 214 (Cal. 2006) (recognizing the authority of trial courts to allow plaintiffs without standing to substitute in plaintiffs with standing).

### C) The First Amendment Protects Plaintiffs' Counsel's Right to Contact Other Putative Class Members, and Privacy Interests Do Not Trump Precertification Discovery

It is clear that if the Court determines that Named Plaintiffs are inadequate and must be substituted, Plaintiffs' Counsel is allowed to contact other putative members of the class as part of her right to free speech. *See Parris*, 135 Cal. Rptr. 2d at 102 (holding that no court approval was needed for precertification communication with potential class members, and that requiring judicial approval for such communications constitutes an impermissible prior restraint). Additionally, such contact by Plaintiffs' Counsel does not constitute illegal solicitation that violates the Rules of Professional Conduct. *See Best Buy Stores, L.P.*, 137 Cal. App. 4th at 777–78 ("The state may not bar lawyers from sending truthful letters soliciting legal business for pecuniary gain."). *Best Buy* also makes clear that, while the privacy rights of APPLE's customers must be considered, a discovery order compelling APPLE to disclose the identities of class

members need not violate this privacy. *See id.* at 778 (listing several safeguards which can be used in order to ensure that customers' privacy rights remain intact). This right to privacy must also be weighed against the plaintiff's counsel's right to uncover information about her case. *Pioneer Elecs.*, 150 P.3d at 204. As such, a minimal invasion of customers' privacy may be justified by the plaintiff's need to obtain the customers' contact information. *Id.* (permitting an opt-out approach which gave class members a chance to object to their information being released).

Because Plaintiffs' Counsel in this case faces having her Named Plaintiffs disqualified, and because the disclosure of the identity of potential class members is minimally invasive and can involve safeguards to protect privacy interests, the Court should determine that compelling discovery of other class members is proper in this case. *See Lee v. Dynamex, Inc.*, 166 Cal. App. 4th 1325, 1337–38 (2008) (holding that a trial court abused its discretion in denying motion to compel disclosure of identity and contact information for putative class members using an opt-out procedure). In fact, APPLE customers who have been defrauded will likely welcome such a disclosure. *See Belaire-West Landscape v. Superior Court*, 149 Cal. App. 4th 554, 561 (2007) (noting that "current and former Belaire-West employees [can] reasonably be expected to want their information disclosed to a class action plaintiff who may ultimately recover for them unpaid wages that they are owed"). As such, Plaintiffs' motion for discovery to identify class members should be granted despite possible privacy concerns.

### III. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Identify Class Members. Such an order will ensure that the rights of the affected class are protected, and such an order will not act to undermine the class action procedure.

Should the Court grant Plaintiffs' Motion to Identify Class Members, Plaintiffs propose that upon receipt of the requested information, a letter to potential class members should be sent through a third party mailing house to potential class members' e-mail and physical addresses, with Defendant bearing the cost of sending said letter. Plaintiffs have accordingly also filed a Notice with a draft of the proposed letter to be sent.

Dated July 21, 2014

Respectfully submitted,

Plaintiffs, PATRICIA SUE ADKINS, JENNIFER GALINDO, AND FABRIENNE ENGLISH,
By and through their attorneys,

*/s/ Renee Kennedy*
Renee Kennedy
State Bar No.: 24012954
Federal Bar No.: 2129107
1620 S. Friendswood Dr., Ste. Apple
Friendswood, Texas 77546
Phone: (832) 428-1552
Email: apple.reneekennedy@gmail.com

*/s/ Seth W. Wiener*
Seth W. Wiener
State Bar No.: 203747
609 Karina Court
San Ramon, CA 94582
Phone: 925-487-5609
Email: sethwiener@yahoo.com