UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA SUE ADKINS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC, et al., <br><br> Defendants. | Case No. 14-cv-01619-WHO <br><br> **ORDER DENYING PLAINTIFFS' MOTION TO IDENTIFY CLASS MEMBERS** <br><br> Re: Dkt. Nos. 82, 88 |

## INTRODUCTION

Plaintiffs Patricia Sue Adkins, Jennifer Galindo, and Fabrienne English seek precertification discovery to identity class members because plaintiffs Adkins and Galindo may prove inadequate class representatives or withdraw for other reasons. The motion is DENIED because it is a procedurally improper discovery motion, premature, and lacks merit.

## BACKGROUND

Plaintiffs allege that Apple represents that Apple service plans entitled plaintiffs to new replacement devices and parts when in fact Apple uses secondhand replacement devices and parts. Plaintiffs allege that they would not have purchased the service plans but for this alleged misrepresentation. They have sued Apple for violations of various consumer protection statutes and fraud.[1] They seek to represent a class of:

---

[1] On July 3, 2014, I granted in part and denied in part Apple's motion to dismiss plaintiffs' first amended complaint. Dkt. No. 78. I dismissed plaintiffs' second (breach of warranty), third (violations of the Song-Beverly Consumer Warranty Act), and eighth (unjust enrichment) causes of action without leave to amend. Plaintiffs' sixth cause of action (violations of the Secondhand Merchandise Labeling Law) was dismissed without leave to amend as to plaintiffs Adkins and Galindo, but survived as to plaintiff English.

> All individual persons in the United States who, for purposes other than resale, purchased Class Devices manufactured by APPLE and/or Extended Warranties sold by APPLE, who have not returned them or received a refund.

FAC ¶ 67 [Dkt. No. 38].

On July 21, 2014, the plaintiffs filed a Motion to Identify Class Members. Dkt. No. 82. Plaintiffs seek the identification of additional class members in case named plaintiffs Adkins and Galindo are disqualified or in case Adkins withdraws from the case for health reasons. Plaintiffs have not indicated any reason that English may need to be replaced.

Plaintiffs state that plaintiffs' counsel, Renee Kennedy, has a prior relationship with Adkins and Galindo. Specifically, plaintiffs' motion[2] states that

> Adkins had done some transcription work for a book written by Plaintiffs' Counsel's children, and began keeping the calendar for said counsel until Adkins's health failed her. Galindo is a contract paralegal who works for Plaintiffs' Counsel (Renee Kennedy).

Mot. at 2. Both Adkins and Galindo purchased the Apple devices that form the basis for their allegations on October 30, 2013. FAC ¶¶ 34, 42. Plaintiffs claim that Adkins and Galindo purchased the Apple devices on the same day because "Plaintiffs' Counsel (Renee Kennedy) had given the two Named Plaintiffs small monetary gifts to thank them for their excellent work and to use however they wished." *Id*. Plaintiffs contend that their counsel's prior relationships with Adkins and Galindo do not create conflicts of interest or other grounds for disqualification. *Id*. Nonetheless, they state that "it is understood that the Court may choose to disallow Plaintiffs' Counsel from representing said Plaintiffs in this action" and they seek discovery of the identity of other potential plaintiffs in case any of the named plaintiffs are disqualified.

Plaintiffs also state that

> Adkins is of old age and poor health, and has lost two siblings in under a year. Therefore, Adkins may need a replacement at a later date anyway; therefore, it is important that additional senior Class Representative Plaintiffs be added to the suit to cover the possibility that Adkins' health deteriorates further, especially because Adkins' is needed to represent the class of seniors in this suit. Since health issues and death are prevalent amongst seniors, multiple Class Representatives in this class are warranted.

---

[2] Plaintiffs did not provide declarations substantiating these relationships or any other facts referenced in their motion.

2

*Id.*

Plaintiffs propounded a request for production on Apple on July 18, 2014, requesting all communications with potential class members. Mot. at 3; Ex. D. They filed the present motion to identify class members three days later, on July 21, 2014. Acknowledging that the motion was filed before Apple was required to respond to request for production, plaintiffs state that "it is highly unlikely that the information will be produced by the production deadline and without Order of the Court." Mot. at 3.

Apple requested that plaintiffs withdraw their motion on the grounds that it did not comply with the procedures governing discovery motions, including meeting and conferring with opposing counsel and filing a joint discovery letter. *See* Dkt. No. 89 (plaintiffs' statement to the Court regarding alleged discovery dispute). Plaintiffs did not withdraw their motion, arguing that it was not a discovery motion because the parties require guidance from the Court regarding the form of notice and because the plaintiffs ask that the Court order Apple to bear the costs of the notice. *Id.* Plaintiffs also argue that even if the motion was considered a discovery motion, the plaintiffs did attempt to confer with Apple's counsel prior to filing the motion. *Id.*

Apple filed an opposition to plaintiffs' motion after plaintiffs refused to withdraw it. Dkt. No. 90. Apple argues that the motion is procedurally improper and, in any event, should be denied on the merits. Apple also argues that the proposed notice is improper and that Apple should not be required to pay the costs of any notice.

In their reply brief, plaintiffs state that "[t]o the extent that Plaintiffs' Motion to Identify Class Members was apparently based only on the possibility of the Named Plaintiffs being disqualified, Plaintiffs wish to clarify their position. Plaintiffs also seek precertification discovery in order to aid in the class certification process, not only to discover potential substitute plaintiffs." Reply at 5 [Dkt. No. 93].

Not surprisingly, in response to this seemingly new basis for plaintiffs' motion, Apple apparently informed plaintiffs that they sought to seek leave to file a surreply. Before they did that, however, plaintiffs filed a Statement to the Court Regarding Defendants' Proposed Motion for Leave to File a Surreply. Dkt. No. 96. In their Statement, plaintiffs preemptively argue why

3

1  Apple should not be allowed to file a surreply. In response, Apple filed a short statement stating
2  that Apple would not file a surreply but would instead address the new arguments raised in
3  plaintiffs' reply at the hearing on the underlying motion. Dkt. No. 97.

## DISCUSSION

Plaintiffs' motion is DENIED. It is procedurally improper, premature, and rejected on the merits.

## I.  PLAINTIFFS' MOTION IS A DISCOVERY MOTION AND DOES NOT COMPLY WITH THE RULES AND PROCEDURES GOVERNING DISCOVERY MOTIONS

Plaintiffs' motion states that "Plaintiffs' Counsel seeks discovery of the identity of other potential plaintiffs who are part of the affected class." Mot. at 3; *see also id.* (plaintiffs are "asking the Court to order Apple to provide a list of potential class members"). Plaintiffs' motion is unambiguously a discovery motion and is governed by Federal Rule of Civil Procedure 37, Civil Local Rule 37, and the Court's Standing Order for Civil Cases.[3]

Plaintiff argues that this is not a discovery motion because "[e]ven if Defendants hand over the requested discovery documents, the parties will still need a hearing" in order to receive "guidance from the Court as to the form and language of the class notice, and further, requests the Court to Order that Defendants bear the cost of the proposed notice to be sent to potential class members." Dkt. No. 89. Plaintiffs' reasoning has no support. A motion that seeks discovery is a discovery motion; the purported need for a hearing does not convert a discovery motion into a non-discovery motion. If a discovery motion necessitates a hearing, the Court will schedule one. *See* Judge Orrick's Standing Order for Civil Cases, § 4 Discovery Disputes ("The Court will advise the parties of the need, if any, for more formal briefing or a hearing, pursuant to Civil Local Rule 7-1(b)."). Notably, the cases that plaintiffs cite in support of their merits argument characterized the underlying orders as *discovery* orders. *See, e.g., Starbucks Corp. v. Superior Court*, 194 Cal. App. 4th 820, 823 (2011) ("We reverse the discovery order."); *CashCall, Inc. v. Superior Court*, 159 Cal. App. 4th 273, 285 (2008) ("review of a trial court's discovery rulings is governed by the abuse of discretion standard") (internal brackets and citations omitted).

---

[3] Available at http://cand.uscourts.gov/whoorders

Plaintiffs also argue that this is not a discovery motion because it is a "request for precertification notice, which is allowed pursuant to Federal Rule of Civil Procedure 23(d)(1)(B)." Reply at 2. Plaintiffs are mistaken. Rule 23(d)(1)(B) authorizes the Court, "[i]n conducting an action under this rule," to issue orders required "to protect class members and fairly conduct the action." No class has been certified here. There is therefore no Rule 23 action, nor any class members. Indeed, in the order cited by defendants, *Roshandel v. Chertoff*, 554 F. Supp. 2d 1194, 1205 (W.D. Wash. 2008) *amended in part,* 07-cv-1739MJP, 2008 WL 2275558 (W.D. Wash. June 3, 2008), the court granted the plaintiffs' motion for class certification and noted that Rule 23(d)(1)(B) authorized the court to require notice and the right to opt-out to the certified class.

For the reasons stated below, this motion is denied on the merits. However, should plaintiffs at some point seek similar relief, they shall do so following the rules and procedures governing discovery disputes.

## II.  PLAINTIFFS' MOTION IS PREMATURE

There are three named plaintiffs: Adkins, Galindo, and English. Plaintiffs' motion is premised on the need to find substitutes in the event that Adkins or Galindo or disqualified as named representatives based on their relationship to plaintiffs' counsel, and in the event that "Adkins' health deteriorates further." Mot. at 2. However, while Apple may rationally question the propriety of plaintiffs' counsel representing plaintiffs who purchased the products at issue with funds received from plaintiffs' counsel, that issue has not been raised to the Court. Apple states in its opposition that:

> Adkins and Galindo have not been deposed yet, and the parties are nowhere near asking the Court to make a determination as to their adequacy as class representatives. If at some point Adkins and Galindo are no longer viable class representatives, it may then be appropriate for Plaintiffs to obtain discovery of some suitably defined limited group of putative class members.

Reply at 9. Apple is correct. At this point, Adkins and Galindo are still named plaintiffs. It is premature to compel Apple to provide discovery of potential substitute class representatives before there is a need for substitute class representatives.

Likewise, Adkins's health has apparently not yet "deteriorated" to the point that she cannot

5

serve as a class representative. In a declaration submitted with plaintiffs' reply brief, Adkins states that she has "mobility issues and walk with great difficulty" and has "health issues such as diabetes, arthritis, and high blood pressure." Adkins Reply Decl. ¶ 1 [Dkt. No. 93-1]. But Adkins does not state that her health issues require her to withdraw from the case at this point. She states that she will withdraw "as soon as a replacement senior citizen can be joined. *Id*. ¶ 5. For its part, Apple states that it is "willing to meet and confer with Plaintiffs regarding potential substitution" in the event that there is a genuine concern regarding Adkins's health and plaintiffs can make the required showing. Opp. at 9. That is appropriate and may obviate the need for plaintiffs to seek relief from the Court.[4]

Moreover, plaintiffs have not suggested that English may need to be replaced as a class representative for any reason. Notably, only English had standing to assert plaintiffs' sixth cause of action (violations of the Secondhand Merchandise Labeling Law). She therefore appears to be a superior class representative, at least in that respect. It is not clear why Apple should be compelled to provide discovery of potential substitute class members when plaintiffs have a class representative not affected by the potential conflicts of interest or health concerns.

To the extent that plaintiffs seek class discovery "in order to aid in the class certification process, not only to discover potential substitute plaintiffs," as they state in their reply brief, their motion is still premature. Plaintiffs have propounded only one request for production. No depositions have been taken. At the case management conference on September 10, 2014, the Court set a deadline of May 29, 2015 for filing a class certification motion and a discovery deadline of January 8, 2016. *See* Dkt. No. 99. To the extent that specific discovery issues arise, the parties can submit them to the Court using the appropriate procedures. But an order compelling Apple to identify potential class members or otherwise provide discovery in aid of

---

[4] At oral argument, counsel for plaintiffs asked whether precertification discovery would be warranted if Adkins withdraws as class representative for health reasons. As I stated at the hearing, I generally do not offer advisory opinions on legal issues. Should Adkins withdraw, and if the parties are not able to resolve the matter through a meet and confer process, the parties can present the issue as a discovery matter using the appropriate procedures. In that event, I would expect plaintiffs to provide the Court with appropriate authorities authorizing the relief they seek, including but not limited to why it is necessary to have a senior citizen as a class representative.

class certification at this point is not warranted for the reasons discussed throughout this opinion.

## III. PLAINTIFFS' AUTHORITIES DO NOT WARRANT PRECERTIFICATION DISCOVERY OF POTENTIAL CLASS MEMBERS IN THIS CASE

Precertification discovery of potential class members is not warranted at this time, even under the California cases cited by plaintiffs.[5]  When considering a motion to compel discovery of the names and addresses of potential class members under California law, the trial court must "expressly identify any potential abuses of the class action procedure that may be created if the discovery is permitted, and weigh the danger of such abuses against the rights of the parties under the circumstances." *Parris v. Superior Court*, 109 Cal. App. 4th 285, 300-01 (2003).  For example, in *Safeco Ins. Co. of Am. v. Superior Court*, 173 Cal. App. 4th 814, 833 (2009), after it was determined that the named plaintiff lacked standing, precertification discovery to identify potential class members was allowed because many class members' claims would be barred by a statute of limitations and there was a strong showing on the merits.  In *CashCall, Inc. v. Superior Court*, 159 Cal. App. 4th 273, 290 (2008), precertification discovery of the identities of class members was allowed because, absent precertification discovery, the potential class members would have no knowledge of the alleged violation and would be unable to obtain any relief.

In contrast, in *First Am. Title Ins. Co. v. Superior Court*, 146 Cal. App. 4th 1564, 1577 (2007), the court found that it was an abuse of discretion to allow precertification discovery to identify class members where the named plaintiff lacked injury and was not part of the class.  The court explained that the named plaintiff lacked any interest in the action and "[a]ny further legal action can be pursued by members of the class, if they so desire."  The court concluded that "the potential for abuse of the class action procedure is overwhelming, while the interests of the real parties in interest are minimal.  Precertification discovery under these circumstances would be an abuse of discretion." *Id*.

None of the cases cited by plaintiffs deal with a situation like the present one, where plaintiffs seek discovery to find substitute class representatives because *some* of the named

---

[5] The parties dispute whether California or Ninth Circuit precedent controls plaintiffs' motion.  I need not resolve that dispute at this stage as precertification discovery is not warranted even under the state law authorities cited by plaintiffs.  Precedent in the Ninth Circuit is more restrictive.

1  representatives *may* prove inadequate or *may* need to withdraw for health reasons. The rights of
2  potential plaintiffs are not jeopardized while the named plaintiffs remain in the case. In addition,
3  there is no reason that redress for Apple's alleged violations cannot be pursued by other potential
4  plaintiffs, if they so choose. Plaintiffs argue that "the clock is ticking on some or all of plaintiffs'
5  and potential plaintiffs' claims," but plaintiffs have made no showing that any potential plaintiffs'
6  claims actually face imminent extinguishing. Moreover, allowing the discovery at this stage may
7  create significant potential abuses of the class action procedure given that the need for the
8  discovery is primarily predicated on a potential conflict created by plaintiffs' counsel: she
9  provided Adkins and Galindo the money with which they, on the same day (October 30, 2013),
10 purchased the Apple devices that form the basis for their allegations in a complaint filed three
11 business days later (on November 4, 2013). *See* Mot. at 2; FAC ¶¶ 34, 42; Complaint [Dkt. No.
12 1].

### CONCLUSION

For the reasons stated, plaintiffs' motion to identify class members is DENIED.

**IT IS SO ORDERED**.

Dated: September 15, 2014



WILLIAM H. ORRICK
United States District Judge

8