UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA SUE ADKINS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE INC, et al.,<br><br>    Defendants. | Case No. 14-cv-01619-WHO<br><br>**ORDER REGARDING PLAINTIFFS' STATEMENT TO THE COURT REGARDING DEFENDANTS' PROPOSED VIOLATION OF ESI GUIDELINES AND REQUEST FOR TELEPHONE CONFERENCE**<br><br>Re: Dkt. No. 105 |

On November 12, 2014, plaintiffs submitted a Statement to the Court Regarding Defendants' Proposed Violation of ESI Guidelines and Request for Telephone Conference. Dkt. No. 105. Plaintiffs' request for an immediate telephone conference is DENIED. Plaintiffs' statement plainly concerns a discovery dispute and is therefore governed by this Court's Standing Order for Civil Cases, available at http://cand.uscourts.gov/whoorders. That order provides in relevant part:

> In the event of a discovery dispute, lead trial counsel for the parties shall meet and confer in person, or, if counsel are located outside the Bay Area, by telephone, to attempt to resolve their dispute informally. A mere exchange of letters, e-mails, telephone calls, or facsimile transmissions does not satisfy the requirement to meet and confer.
>
> If, after a good faith effort, the parties have not resolved their dispute, they shall prepare a concise joint statement of five pages or less, stating the nature and status of their dispute, and certifying that they have met the meet-and-confer requirement. Absent an order of this Court, parties shall not file affidavits or exhibits, other than copies of the written requests for discovery and the answers or objections thereto.
>
> If a joint statement is not possible, each side may submit a brief individual statement of two pages or less. In addition to the certification of compliance with the meet-and-confer requirement, the individual statement shall include an explanation of why a joint statement was not possible. The joint statement or

individual statements shall be filed or e-filed, if in an e-filing case, and courtesy copies submitted as provided by the Civil Local Rules.

Plaintiffs' statement does not comply with the Standing Order. It is neither a joint statement of five pages or less, nor an individual statement of two pages or less submitted in conjunction with a corresponding individual statement from the opposing side. As plaintiffs acknowledge in the statement, they also failed to meet and confer with defendants. Dkt. No. 105 at 7 ("Plaintiffs are aware that the parties should meet and confer regarding this discovery dispute."). Plaintiffs' assertion that "such a meet and confer is highly unlikely to occur" between now and November 20, 2014, one week from today, is both incredible and insufficient to excuse plaintiffs' failure to make any attempt to meet and confer with defendants.

This is the second time in less than one month that I have issued an order admonishing plaintiffs' counsel for attempting to raise a discovery issue in violation of the Court's Standing Order. *See* Dkt. No. 101 at 4-5. I find it troubling, to say the least, that the previous order appears to have had no effect on plaintiffs' conduct except to compel her to acknowledge that she is failing to comply with the Standing Order as she fails to comply with it. Further failure to comply with the Court's Standing Order may result in sanctions.

By November 17, 2014, pursuant to the Standing Order, the parties are ordered to submit to the court a concise joint statement of five pages or less, stating the nature and status of their discovery dispute, and certifying that they have met the meet-and-confer requirement. If a joint statement is not possible, each side may submit a brief individual statement of two pages or less, certifying compliance with the meet-and-confer requirement and explaining why a joint statement was not possible.

**IT IS SO ORDERED**.

Dated: November 13, 2014



WILLIAM H. ORRICK
United States District Judge