UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA SUE ADKINS, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>APPLE INC, et al.,<br><br>   Defendants. | Case No. 14-cv-01619-WHO<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 107, 108 |

  The parties have been unable to agree on the format for defendants' production of electronically stored information ("ESI") and have submitted individual statements to the Court regarding this dispute. Dkt. Nos. 107, 108. Plaintiffs request that defendants produce all ESI in native format, except for documents containing redactions, which plaintiffs agree may be produced in searchable PDF format. Dkt. No. 108. Defendants propose to produce ESI in searchable PDF format accompanied by standard metadata fields, except for Excel spreadsheets, which defendants have agreed to produce in native format. Dkt. No. 107. Defendants have also agreed to meet and confer regarding the production of other ESI in native format on a case-by-case basis. *Id.*

  Plaintiffs' request for an order compelling defendants to produce ESI in native format is DENIED. The advisory committee's notes to Federal Rule of Civil Procedure 34(b) make clear that where "the form of production is not specified by party agreement or court order, the responding party must produce electronically stored information either in a form or forms in which it is ordinarily maintained or in a form or forms that are reasonably usable . . . The rule does not require a party to produce electronically stored information in the form in which it is ordinarily maintained, as long as it is produced in a reasonably usable form." Fed. R. Civ. P. 34(b) advisory committee's notes (2006 Amendments); *see also, Silicon Labs Integration, Inc. v. Melman*, No.

08-cv-04030-HRL, 2010 WL 4588887, at *2 (N.D. Cal. Nov. 3, 2010) ("Absent agreement by the parties or a court order as to the form of production, a party must produce electronically stored information either in a form in which the data ordinarily is maintained or in a form that is reasonably usable."). Defendants' proposed form of production appears reasonably usable – indeed, it appears to be the industry standard – and plaintiffs have not provided the Court with any persuasive grounds for finding otherwise. Accordingly, defendants may produce the requested ESI in the form proposed in their individual statement.

Finally, when it comes time to determine class certification I must decide whether counsel has the ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1), (2) and (4). To date, plaintiffs' counsel has shown a disturbing inability to comply with the rules of this Court. Five days ago, I issued an order admonishing plaintiffs' counsel (for the second time in one month) for attempting to raise a discovery issue in violation of the Court's Standing Order for Civil Cases. *See* Dkt. No. 106 at 2. Today, counsel filed her individual statement late and in violation of the font-size and line-spacing requirements of the Civil Local Rules. *See* Civil L.R. 3-4(c)(2). If plaintiffs' counsel cannot comply with the basic rules of this Court, it is undoubtedly to the benefit of the class she seeks to represent that she find another attorney to litigate this case.

**IT IS SO ORDERED**.

Dated: November 18, 2014



WILLIAM H. ORRICK
United States District Judge