1   PENELOPE A. PREOVOLOS (SBN 87607)
    PPreovolos@mofo.com
2   MARGARET E. MAYO (SBN 259685)
    MMayo@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Telephone: 415.268.7000
5   Facsimile: 415.268.7522

6   PURVI G. PATEL (SBN 270702)
    PPatel@mofo.com
7   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
8   Los Angeles, California  90017-3543
    Telephone: 213.892.5200
9   Facsimile: 213.892.5454

10  Attorneys for Defendants
    APPLE INC., APPLECARE SERVICE
11  COMPANY, INC., and APPLE CSC INC.

12

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15

16  PATRICIA SUE ADKINS, JENNIFER          Case No.        3:14-cv-01619-WHO
    GALINDO, and FABRIENNE ENGLISH,
17  on behalf of themselves and all others **STIPULATED PROTECTIVE**
    similarly situated,                    **ORDER REGARDING THE**
18                                         **DISCLOSURE AND USE OF**
                 Plaintiffs,               **DISCOVERY MATERIALS**
19
                                           Courtroom 2, 17th Floor
20          v.                             Judge William H. Orrick

21  APPLE INC., APPLECARE SERVICE          Complaint Filed:  November 4, 2013
    COMPANY, INC., and APPLE CSC INC.,     Transfer to N.D. Cal.:  April 3, 2014
22  Defendants.                            Trial Date:  August 15, 2016

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs Patricia Sue Adkins, Jennifer Galindo, and Fabrienne English ("Plaintiffs"), and Defendants Apple Inc., AppleCare Service Company, Inc., and Apple CSC Inc. ("Defendants") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this case and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

## 1.    PURPOSES AND LIMITATIONS

(a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

(b)    The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  If it comes to a Designating Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other Parties that it is withdrawing or changing the designation.

(c)    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies

[PROPOSED] STIPULATED PROTECTIVE ORDER RE DISCLOSURE AND USE OF DISCOVERY MATERIALS
CASE NO. 3:14-cv-01619-WHO
sf-3457344

1

under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

2.    **DEFINITIONS**

(a)    "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case, as well as any information copied or extracted therefrom, and any copies, excerpts, summaries, or compilations thereof.

(b)    "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is necessary to disclose the information for this litigation.

(c)    "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

(d)    "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

(e)    "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as provided for in this Order, as well as any information copied or extracted therefrom, and any copies, excerpts, summaries, or compilations thereof.  Protected Material shall not include:

(i) advertising materials that have been actually published or publicly disseminated; and

(ii) materials that show on their face they have been disseminated to the public.

(f)     "Designating Party" means any Party or non-party that designates any Discovery Material as Protected Material.

(g)     "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

**3.     COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

**4.     SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party and the Designating Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or seek to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

(e)     The Parties agree that this Protective Order does not address the production of source code (including computer code, scripts, assembly, object code, source code listings and

descriptions of source code, object code listings and descriptions of object code, and Hardware

Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware

design of any ASIC or other chip).  The Parties further agree that, at this time, Plaintiffs do not

anticipate propounding any discovery specifically requesting the production of Apple's source

code, and Apple agrees that none of its responses to Plaintiffs' discovery served as of the date of

this Order requires the production of source code.  To the extent Apple determines that its

responses to any discovery subsequently served by Plaintiffs would reveal or require the

production of source code, Apple shall promptly provide notice of same to Plaintiffs.  To the

extent Plaintiffs specifically request in discovery for Apple to reveal or produce Apple's source

code, Plaintiffs shall promptly provide notice of same to Apple.  Within fourteen (14) days of

either such notice, the Parties shall meet and confer regarding the negotiation of a protective order

governing the production of source code.  If the Parties are unable to reach agreement as to an

acceptable protective order, Apple shall move the Court for protective order addressing the

potential production of its source code and materials related to its source code.

## 5. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by

this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all

claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

including the time limits for filing any motions or applications for extension of time pursuant to

applicable law.

## 6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles.  All Protected Material shall be used solely for this case

or any related appellate proceeding, and not for any other purpose whatsoever, including without

limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue

proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

(b)   <u>Secure Storage</u>.   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(c)   <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Materials, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d)   <u>Limitations</u>.   Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material.   Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or lawfully known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

**7.    DESIGNATING PROTECTED MATERIAL**

(a)   <u>Available Designations</u>.   Any Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein:  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)   <u>Written Discovery and Documents and Tangible Things</u>.   Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files

being produced, the Designating Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

        (c)    <u>Native Files</u>.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 10, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No one shall seek to use in this litigation a .tiff, .pdf, or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

        (d)    <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party

that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party or Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**8.**     **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a)     A Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

(b)     Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)     The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the

direction of such counsel, paralegals, and staff, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1;

(ii)     Not more than three (3) representatives of the Receiving Party who are officers or employees of the Receiving Party, who may be, but need not be, in-house counsel for the Receiving Party, as well as their immediate paralegals and staff, to whom disclosure is necessary for this case, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1;

(iii)    Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-2; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; and (c) such expert or consultant otherwise complies with the requirements set forth in Paragraph 10.

(iv)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(v)     The Court, jury, and court personnel;

(vi)    Graphics, translation, design, litigation and discovery support, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1;

(vii)   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential, and having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1;

(viii)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(ix)    Any other person with the prior written consent of the Producing Party and the Designating Party.

## 9.    DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY"

(a)    A Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects information that is extremely confidential and/or sensitive in nature and the Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or significant competitive disadvantage to the Party.  The Parties agree that the following information, if non-public, shall be presumed to merit the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:  trade secrets, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

(b)    Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)    The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) ("a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor"), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)     Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-2; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984) ("a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions made in light of similar or corresponding information about a competitor"), on behalf of a Party or a competitor of a Party; and (d) such expert or consultant otherwise complies with the requirements set forth in Paragraph 10;

(iii)    Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)     The Court, jury, and court personnel;

(v)      Graphics, translation, design, litigation and discovery support, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1;

(vi)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)    Any other person with the prior written consent of the Producing Party and the Designating Party.

**10.     PROCEDURES FOR DISCLOSURE**

(a)      General Procedure for Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:

(i)        Before any information or item designated "CONFIDENTIAL," or substance or summary thereof, shall be disclosed to the persons or entities identified in subparagraphs (ii), (iv), (v), (vi), (viii), and (ix) of paragraph 8(b) above, the Parties are hereby ordered to tender a copy of this Stipulation and Protective Order to each such person and witness in order that each such entity or person to whom such disclosure of "CONFIDENTIAL" information or item is made shall be on notice and fully informed that the existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her.  Before any information or item designated "CONFIDENTIAL," or substance or summary thereof, is disclosed to any such person, each such person shall sign and abide by the terms of the "Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached hereto as Exhibit A-1, or, if the person to whom the "CONFIDENTIAL" information or item is to be disclosed is an expert, that person shall sign and abide by the terms of the "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached hereto as Exhibit A-2, and shall otherwise comply with the requirements of Paragraph 10(c).  The person to whom the "CONFIDENTIAL" information or item is disclosed shall not give, show, or otherwise divulge any of the "CONFIDENTIAL" information or item to any entity or person except as specifically provided for by this Stipulation and Protective Order.

(ii)       Before any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or substance or summary thereof, shall be disclosed to the persons or entities identified in sub-paragraphs (iii), (iv), (v), (vii) and (viii) of paragraph 9(b) above, the Parties are hereby ordered to tender a copy of this Stipulation and Protective Order to each such person and witness in order that each such entity or person to whom such disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or item is made shall be on notice and fully informed that the existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her. Before any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or substance or summary thereof, is disclosed to any such person, each such person shall

sign and abide by the terms of the "Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached hereto as Exhibit A-1, or, if the person to whom the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or item is to be disclosed is an expert, that person shall sign and abide by the terms of the "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached hereto as Exhibit A-2, and shall otherwise comply with the requirements of Paragraph 10(c). The person to whom the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or item is disclosed shall not give, show, or otherwise divulge any of the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to any entity or person except as specifically provided for by this Stipulation and Protective Order.

(b)     Procedure for Disclosure of "CONFIDENTIAL" Information or Items to Mock Jurors:

(i)     A Receiving Party may disclose to mock jurors materials prepared by its outside counsel that are derived from information or items designated "CONFIDENTIAL" (but not materials that are derived from information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), so long as the derivative materials do not include the as produced information itself. Before providing such material to a mock juror, the Receiving Party must, in compliance with Paragraph 8(b)(vii) above, tender a copy of this Stipulation and Protective Order to each mock juror in order that each person to whom such disclosure is made shall be on notice and fully informed that the existence and substance of the Stipulation and Protective Order is, and is intended to be, equally binding upon it, him or her, as well as upon the Parties and their counsel. Before any materials prepared by outside counsel that are derived from information or items designated "CONFIDENTIAL" are disclosed to a mock juror, each such person shall sign and abide by the terms of the "Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached hereto as Exhibit A-1. The mock juror to whom the material is disclosed shall not give, show, or otherwise divulge any

of the information contained therein to any entity or person except as specifically provided for by this Stipulation and Protective Order.

(ii)     The Parties agree that this Protective Order does not address the disclosure to mock jurors of materials prepared by the Receiving Party's outside counsel that are derived from information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  To the extent the Receiving Party determines that disclosure to mock jurors of materials prepared by its outside counsel that are derived from information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" becomes necessary, such Party shall promptly provide notice to the opposing Party.  Within fourteen (14) days of such notice, the Parties shall meet and confer regarding the negotiation of a protective order governing the disclosure of materials that are derived from information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to mock jurors.  If the Parties are unable to reach agreement as to an acceptable protective order, the Parties shall submit their dispute to the Court, in compliance with Court rules and standing orders.

(c)     Procedure for Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts:

(i)     Before any "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, or substance or summary thereof, shall be disclosed to an Expert, the Expert shall sign and abide by the terms of the "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order," attached as Exhibit A-2, confirming that he or she is not presently employed by, and within the one year prior to the date of retention as an Expert in these proceedings has not been employed by, has not provided any form of consulting services to, and has not been and does not anticipate becoming an officer or director or otherwise be involved with decision-making for, any companies or entities engaged in the manufacture, sale, or distribution of products that compete with Apple's iPhone, iPad, iPod, and Mac products.  During the pendency of and for a period of two (2) years after the final resolution of this action, including all appeals, the Party seeking to disclose

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Protected Material shall immediately (upon learning of same) provide written notice of any change with respect to the Expert's involvement in the areas at issue with respect to accepting employment or consulting work for a company manufacturing , selling, or distributing products that compete with Apple's iPhone, iPad, iPod, and Mac products.

        (ii)    Within fourteen (14) days of receipt of the written notice of the change with respect to the Expert's involvement in the areas at issue (e.g., she or he is contemplating accepting employment or consulting for any companies or entities engaged in the manufacture, sale, or distribution of products that compete with Apple's iPhone, iPad, iPod, and Mac products) referenced in subparagraph (i) of Paragraph 10(c), the Producing Party or Parties may object in writing to the Expert for good cause.  In the absence of an objection at the end of the fourteen (14) day period, the Expert shall be deemed permitted to continue as expert and approved under this Protective Order.  There shall be no further disclosure of Protected Material to the Expert prior to expiration of this fourteen (14) day period.  If the Producing Party objects to disclosure to the Expert within such fourteen (14) day period, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the continuation of the Expert in this case, will have seven (7) days from the date of the meet and confer to seek relief from the Court barring the Expert from further work and from access to the Highly Confidential documents.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, designated materials shall not be disclosed to the Expert in question until the Court resolves the objection.

        (iii)    For purposes of this section, "good cause" shall include an objectively reasonable concern that the Expert will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

        (iv)    An initial failure to object to an Expert under this Paragraph 10 shall not preclude the non-objecting Party from later objecting to continued access by that Expert

for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Expert may continue to have access to information that was provided to such Expert prior to the date of the objection.  If a later objection is made, no further Protected Material shall be disclosed to the Expert until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Material may thereafter be provided to the Expert.

(d)     The Party's Counsel who discloses "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material shall be responsible for assuring compliance with the terms of this Stipulation and Protective Order with respect to persons to whom such Protected Material is disclosed and shall obtain and retain the originals of the "Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" and "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" (if such execution was required by terms of this Stipulation and Protective Order).

## 11.     CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a)     Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)     The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each

challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c)       If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.  Each party reserves the right, in the event that the other party makes multiple challenges, to seek relief from the Court to shift the burden to file a motion challenging the designation to the Challenging Party.  The parties agree to meet and confer before seeking such relief.  If the burden to file a motion shifts, the burden of persuasion will remain on the Designating Party.

Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant

1
2
to this provision must be accompanied by a competent declaration affirming that the movant has

complied with the meet and confer requirements imposed by the preceding paragraph.

3
4
The burden of persuasion in any such challenge proceeding shall be on the Designating

Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

5
6
unnecessary expenses and burdens on other parties) may expose the Challenging Party to

sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

7
8
file a motion to retain confidentiality as described above, all parties shall continue to afford the

material in question the level of protection to which it is entitled under the Designating Party's

9
10
designation until the court rules on the challenge

### 12.  **SUBPOENAS OR COURT ORDERS**

11
12
(a)      If at any time Protected Material is subpoenaed by any court, arbitral,

administrative, or legislative body, the Party to whom the subpoena or other request is directed

13
14
shall immediately give prompt written notice thereof to every Party who has produced such

Discovery Material and to its counsel and shall provide each such Party with an opportunity to

15
16
move for a protective order regarding the production of Protected Materials implicated by the

subpoena.

17
18
### 13.  **FILING PROTECTED MATERIAL**

(a)      Without written permission from the Designating Party or a court order

19
20
secured after appropriate notice to all interested persons, a Receiving Party may not file or

disclose in the public record in this action any Protected Material.  A Party that seeks to file under

21
22
seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may

only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected

23
24
Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a

request establishing that the Protected Material at issue is privileged, protectable as a trade secret,

25
26
or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected

Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the

27
28

Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

### 14.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

(a)    The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b)    Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

(c)    Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

### 15.   INADVERTENT FAILURE TO DESIGNATE PROPERLY

(a)    The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Upon receiving the Protected

Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly.

(b)     A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order, unless an objectively reasonable person would have realized that the Discovery Material should have been appropriately designated with a confidentiality designation under this Order.  Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material (subject to the exception in Paragraph 15(c)) at the appropriately designated level pursuant to the terms of this Order.

(c)     Notwithstanding the above, a subsequent designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials while the materials were not marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" from engaging in the activities set forth in this Order.

**16.     INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a)     In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party and the Designating Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made

(b)     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

**17.     FINAL DISPOSITION**

(a)     Not later than ninety (90) days after the final disposition of this case, as defined in Paragraph 5 above, each Party shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of the Producing Party.

(b)     All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed.  Notwithstanding the provisions for return of Discovery Material, outside counsel may retain one set of pleadings, correspondence, and attorney and consultant work product (but not document productions) for archival purposes.

**18.     MISCELLANEOUS**

(a)     Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b)     Termination of Matter and Retention of Jurisdiction.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter.  The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

(c)     Successors.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d)     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or

producing any information or item.  Similarly, no Party waives any right to object on any ground

to use in evidence of any of the material covered by this Protective Order.  This Order shall not

constitute a waiver of the right of any Party to claim in this action or otherwise that any

Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not

admissible in evidence in this action or any other proceeding.

        (e)    <u>Burdens of Proof</u>.  Notwithstanding anything to the contrary above,

nothing in this Protective Order shall be construed to change the burdens of proof or legal

standards applicable in disputes regarding whether particular Discovery Material is confidential,

which level of confidentiality is appropriate, whether disclosure should be restricted, and if so,

what restrictions should apply.

        (f)    <u>Modification by Court</u>.  This Order is subject to further court order based

upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the

interests of justice.  The United States District Court for the Northern District of California is

responsible for the interpretation and enforcement of this Order.  All disputes concerning

Protected Material, however designated, produced under the protection of this Order shall be

resolved by the United States District Court for the Northern District of California.

        (g)    <u>Discovery Rules Remain Unchanged</u>.  Nothing herein shall alter or change

in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for

the United States District Court for the Northern District of California, or the Court's own orders.

Identification of any individual pursuant to this Protective Order does not make that individual

available for deposition or any other form of discovery outside of the restrictions and procedures

of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for

the Northern District of California, or the Court's own orders.

Dated:  January 23, 2015          By:  <u>*/s/ Renee Kennedy*</u>
                                      Renee Kennedy

                                       ***Attorneys for Plaintiffs***
                                     ***Patricia Sue Adkins, Jennifer Galindo,***
                                     ***and Fabrienne English***

1

2      Dated:  January 23, 2015                    MORRISON & FOERSTER LLP

3
                                                   By:  */s/ Purvi G. Patel*
4                                                        Purvi G. Patel

5                                                  ***Attorneys for Defendants***
                                                   ***Apple Inc., AppleCare Service***
6                                                  ***Company, Inc., and Apple CSC Inc.***

7

8

9      **IT IS SO ORDERED.**

10

11     Dated: January 27, 2015                     _____
                                                        HON. WILLIAM H. ORRICK
12                                                      U.S. District Court Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A-1**

**ACKNOWLEDGMENT OF CONFIDENTIALITY
AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Adkins, et al. v. Apple Inc., et al.*, United States District Court, District of Northern California, San Francisco Division, Civil Action No. 3:14-cv-01619-WHO.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.  I further agree I shall not at any time, either during the pendency of these proceedings or after conclusion of these proceedings, use or divulge any of the CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION made available to me pursuant to the Order.


Name of individual:_____

Present occupation/job description:_____


Name of Company or Firm:_____

Address:_____


Dated:_____

_____
[Signature]

**EXHIBIT A-2**

**EXPERT/CONSULTANT ACKNOWLEDGMENT OF CONFIDENTIALITY
AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Adkins, et al. v. Apple Inc., et al.*, United States District Court, District of Northern California, San Francisco Division, Civil Action No. 3:14-cv-01619-WHO.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

By signing below, I hereby confirm that I am not presently employed by, and within the one year prior to the date of retention as an Expert in these proceedings have not been employed by, have not provided any form of consulting services to, and have not been and do not anticipate to be an officer or director or otherwise been involved with decision-making for, any companies or entities engaged in the manufacture, sale, or distribution of products that compete with Apple's iPhone, iPad, iPod, and Mac products, and further agree that: (1) during the pendency of my retention as an Expert in this case, should I be contemplating or accept employment or consulting work or other officer, director or decision-making position with any such competing companies, I will notify the Party or Counsel for whom I am employed in this matter, twenty-one (21) days prior to commencing any such employment, work or position; and (2) that I shall not at any time, either during the pendency of these proceedings or after conclusion of these proceedings, use or divulge any of the CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY made available to me pursuant to the Order.

Name of individual:_____

Present occupation/job description:_____

_____

_____

1

2

Name of Company or Firm:_____

3

4

Address:_____

5

Dated:_____

6

7
_____

[Signature]

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ECF ATTESTATION

I, Purvi G. Patel, am the ECF user whose ID and password are being used to file this **[Proposed] Stipulation Protective Order Re Disclosure and Use of Discovery Materials**.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Renee Kennedy has concurred in this filing.

Dated: January 23, 2015                MORRISON & FOERSTER LLP

By:   /s/ *Purvi G. Patel*
                                            Purvi G. Patel

                                     ***Attorneys for Defendants***
                                     ***Apple Inc., AppleCare Service***
                                     ***Company, Inc., and Apple CSC Inc.***