UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIENNE ENGLISH, et al.,<br><br>    Plaintiffs,<br><br>   v.<br><br>APPLE INC, et al.,<br><br>    Defendants. | Case No. 14-cv-01619-WHO<br><br>**ORDER REGARDING DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 122, 123 |

On January 20, 2015, after conducting a conference call with counsel for all parties, I issued a brief order stating in relevant part:

> The defendants have agreed to produce witnesses for 30(b)(6) depositions as well as employees Bunn, Pozderac, Morrison, Linthicum, and the employees who spoke [with] Ms. Lowthert. Plaintiffs have agreed to produce Ms. Galindo, Ms. English, and Ms. Lowthert. These depositions shall be completed by March 31, 2015. If the parties are unable to stipulate to the dates for these depositions by January 23, 2015, I will set the dates. Any subpoenaed or otherwise relevant requested documents shall be produced in advance of the depositions. The parties shall either file a stipulation setting forth the schedule or each party may file a two page letter setting forth any scheduling needs that the other party refuses to meet and I will set the depositions myself.

Dkt. No. 120 at 1-2. On January 23, 2015, unable to reach agreement regarding the deposition schedule and related document productions, each party submitted a two page letter. Dkt. Nos. 122, 123. Having read and considered the letters, I ORDER that:

    1. Pozderac's deposition is rescheduled from January 30, 2015 to March 2, 2015. The parties shall meet and confer on the specific time of day and the location when and where the deposition will occur. The parties shall otherwise follow the proposed deposition schedule set out in Apple's letter. *See* Dkt. No. 122. If the parties wish to stipulate to a different date for Pozderac's deposition, or to any other modification in the schedule, they may do so. Absent stipulation, however, the parties shall adhere to Apple's proposed deposition schedule.

2. Apple shall identify the specific names of its 30(b)(6) witnesses, and the specific dates of their depositions, as soon as that information is available and no later than 10 days before the depositions.

3. It appears that the parties will require assistance resolving a dispute over certain training materials and other documents relevant to Pozderac's deposition. If the parties are not able to resolve this dispute on their own, they shall submit a joint letter by February 17, 2015 (the deadline for the parties to raise with the Court any issues regarding defendants' response to plaintiffs' outstanding documents requests, *see* Dkt. No. 120) specifically describing the dispute and their respective positions.

Finally, it has come to my attention that I indicated in a prior order in this case that the parties must comply with the Civil Local Rule regarding line-spacing when submitting letters to the Court regarding discovery disputes. *See* Dkt. No. 109; Civil L.R. 3-4(c). This was inadvertent. The parties may use single-spaced formatting when submitting letters to the Court, although the type may not be smaller than 12-point standard font.

**IT IS SO ORDERED**.

Dated: January 27, 2015



WILLIAM H. ORRICK
United States District Judge