UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIENNE ENGLISH, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE INC, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-01619-WHO<br><br>**ORDER REGARDING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND PARTIES' JOINT STATEMENT ON DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 129, 136 |

　　　　This order concerns plaintiffs' February 3, 2015 motion for leave to file a third amended complaint, and the parties' February 17, 2015 joint statement regarding certain of plaintiffs' requests for production.

　　　　Although plaintiffs filed their second amended complaint on January 17, 2015, plaintiffs again seek leave to amend their complaint "to refine an existing subclass and to add a subclass," "to clarify [their] factual allegations," and "to remove extraneous language and to re-letter exhibits." Dkt. No. 129 at 3. The amendments do not add or remove any causes of action. Plaintiffs state that the amendments are primarily aimed at addressing arguments defendants have raised in response to plaintiffs' discovery requests. *See, e.g., id.* at 5-6. Defendants filed a response stating that they do not oppose the motion but expressing "concern[s] about the inefficiency and resulting burden caused by the manner in which plaintiffs have been litigating this case." Dkt. No. 135.

　　　　As plaintiffs moved to amend by the February 3, 2015 deadline for amendment and defendants do not oppose amendment, plaintiffs' motion is GRANTED. Plaintiffs are advised that the February 3, 2015 cutoff will remain in effect and that additional amendment of the complaint will not be allowed. Plaintiffs shall file their third amended complaint on or before March 6, 2015. Defendants shall have 30 days from the date the third amended complaint is filed to

respond. The hearing on plaintiffs' motion set for March 11, 2015 is VACATED.

Next, in the parties' joint statement, plaintiffs assert that defendants have "improperly refused" to produce documents responsive to various of plaintiffs' requests for production. Dkt. No. 136 at 1. Plaintiffs identify the following categories of disputed documents:

- "training manuals and materials . . . for the sale of new and used and refurbished class devices including iPhones."

- marketing materials, and in particular materials relating to the marketing of AC+ since 2009.

- documents "summarizing Apple's process used to recycle and/or remanufacture class devices that Apple also calls service units and refurbished devices."

- annual and quarterly sales reports relating to "Apple's number of sales in the United States of: (a) new devices which are or have been covered or potentially covered by APP or AC+; (b) used devices . . . ; and (c) refurbished devices."

- "examples of the packaging which service units or replacement units come in."

- documents relating to sales data for APP and AC+.

- "complaints by customers about the service plans / use of used parts and devices"

- documents "summarizing Apple's process used to track consumer purchases of used and refurbished . . . class devices and sales of extended warranties / service plans, and when it began selling / providing such devices."

- documents "regarding the basic one-year warranty that comes with Apple products."

- documents "summarizing Apple's processes for testing class devices equipment under APP, AC+, and one-year limited warranties, including but not limited to the names of the testing equipment, what each piece of equipment tests for, and how the equipment works."

- "summary documents" relating to Apple's policies regarding the "process of generating service requests in store."

- documents relating to Apple's training program regarding the sale of class devices, "from the inception of AppleCare and AppleCare+ to the

2

present."

- documents regarding any contracts or communications with entities that are manufacturing or supplying or installing parts / units for Apple's service devices.

- documents regarding whether sales persons train for, are given, or have received certifications as to selling class devices.

- documents relating to the sales of service plans over the phone.

- documents explaining or defining the meaning of "refurbished" and "service devices."

- emails between Apple personnel concerning the terms of the service plans, use of refurbished or used or secondhand parts in conjunction with replacement and repairs, and policies as to employees being instructed what to say about the service devices.

- transcripts or recordings of English, Lowthert, Galindo, or Adkins.

Defendants respond that many of the requests for production highlighted by plaintiffs are not actually in dispute, and that defendants are continuing to work to search for, review, and produce responsive documents. *Id.* at 3. Defendants also raise the following objections to plaintiffs' requests:

- Plaintiffs request documents relating to all new class devices sold by Apple since 2009, but plaintiffs' claims are limited to Apple's APP and AC+ plans. Defendants object that these requests are "overbroad and unduly burdensome."

- Plaintiffs seek "examples of the packaging which service units or replacement units come in," but it is undisputed that replacement devices are given to customers in "plain white boxes."

- Plaintiffs seek documents relating to Apple's one-year limited warranty, but plaintiffs' claims do not concern Apple's one-year limited warranty.

- Plaintiffs seek "highly confidential and sensitive documents" regarding the manufacture and testing of replacement devices. Defendants state that such requests are unduly detailed for class certification and offer to produce "nonprivileged documents sufficient to describe the process used to create and test replacement iPhones provided under APP and or AC+ or alternatively to respond to a narrowly tailored interrogatory on the subject."

- Plaintiffs request documents relating to the "pricing strategy" for APP and

3

AC+.  Defendants state such documents are not relevant to class certification and offer to produce documents showing the pricing of APP and AC+ and the pricing of repairs and replacements under APP and AC+.

• Plaintiffs request training materials relating to the technical aspects of diagnosing class devices in need of service; such documents are not relevant to class certification.

• Plaintiffs request documents relating to purchases of APP and AC+ over the internet or telephone, but no class representative purchased APP or AC+ over the internet or telephone.

• Plaintiffs seek job performance reviews of the retail store employees to be deposed.  Defendants object that this invades the employees' privacy interests and offer to produce redacted versions of any performance reviews that contain feedback on the sale of APP, AC+, or repairs or replacements provided under either plan.

I accept defendants' characterization regarding matters that have been resolved in the meet and confer process, and order that production occur in accordance with these agreements. *See* Dkt. No. 136 at 3 n.1.  As for the remaining items, it appears that defendants' objections are well taken.  However, plaintiffs request "additional briefing to fully address the issues presented." *Id.* at 1.  No later than noon (Pacific Standard Time) on March 9, 2015, plaintiffs may file a supplemental brief of no more than five pages, double spaced, that explains why any of the disputed discovery is necessary for plaintiffs' class certification motion.  Defendants shall not reply.  After reviewing the supplemental briefing, I will determine if further briefing or a hearing is required.

**IT IS SO ORDERED**.

Dated: March 2, 2015



WILLIAM H. ORRICK
United States District Judge

4