PENELOPE A. PREOVOLOS (SBN 87607)
PPreovolos@mofo.com
MARGARET E. MAYO (SBN 259685)
MMayo@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

PURVI G. PATEL (SBN 270702)
PPatel@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Attorneys for Defendants
APPLE INC., APPLECARE SERVICE
COMPANY, INC., and APPLE CSC INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FABRIENNE ENGLISH, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC., APPLECARE SERVICE COMPANY, INC., and APPLE CSC INC.,<br><br>Defendants. | Case No. 3:14-cv-01619-WHO<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S AMENDED NOTICE OF RELATED CASE AND ADMINISTRATIVE MOTION**<br><br>Judge: Hon. William H. Orrick<br><br>Complaint Filed: November 4, 2013<br>Transfer to N.D. Cal.: April 3, 2014<br>Trial Date: August 15, 2016 |

Defendants respectfully submit this brief response to Plaintiff's Amended Notice of Related Case and Administrative Motion to relate *McRight v. Apple Inc.*, Case No. 5:15-cv-03330-HRL. (ECF No. 196.) By filing this response, Apple and AppleCare Service Co. do not waive service of process with respect to the *McRight* complaint, including any defenses arising out of insufficient service of process.

Defendants agree that the two cases should be related; the new plaintiff, Joanne McRight is a member of the putative class in *Adkins*. The *McRight* complaint is in essence a "fourth amended complaint" in *Adkins*, filed in a direct effort to end-run this Court's March 2, 2015 Order that "additional amendment of the complaint will not be allowed." (ECF No. 138.) This latest filing is a continuation of Plaintiff's counsel's pattern of improper litigation conduct. That conduct has caused—and continues to cause—unending and unnecessary distractions and delays in this litigation, has frustrated the efficient resolution of class issues and this dispute, and has caused Defendants to incur unnecessary expenses to respond to such conduct. Defendants respectfully request that the Court schedule an in-person case management conference to address Plaintiff's counsel's conduct in filing the *McRight* case.

Plaintiff admits the new complaint involves the same issues, the same defendants, and the same purported classes as *Adkins*, stating "[t]hese cases involve the exact same transactions and events (*i.e.*, the purchase of electronic devices and AppleCare and AppleCare+ by consumers from Apple, Inc., and the replacement of those devices pursuant to AppleCare and AppleCare+), identical defendants, allegations based on these transactions and events, and similar proposed classes of plaintiffs." (ECF No. 196 at 2:22-3:2.) The *McRight* complaint effectively seeks to add a new class plaintiff without leave of Court and in violation of the Court's order prohibiting amendments to the complaint. (Notably, McRight would be the fifth such plaintiff, three of the previous four having withdrawn). There is thus no question that this is an amended complaint, not a new lawsuit.

Moreover, the *McRight* complaint was filed more than two weeks after Plaintiff's motion for class certification was filed and two days after this Court ordered that Plaintiff's counsel make

no further filings respecting class certification until her reply. (ECF No. 194.) The filing appears to be an attempt to amend the *Adkins* complaint to conform it to new facts and damages theories asserted for the first time in the *Adkins* class certification motion, in derogation of the Court's orders. It is difficult to see the timing of Plaintiff's counsel's filing as anything other than an attempt to derail the current class certification and case schedule or, worse, to create the ability to litigate serial class motions.

This is not the first time Plaintiff's counsel has violated the Court's orders in this case (*e.g.*, ECF No. 109), but this latest conduct is the most egregious. Accordingly, Defendants respectfully request that the Court address Plaintiff's counsel's conduct during the in-person case management conference requested by Defendants, and grant such other relief as the Court deems just and proper.[1]

Dated: July 23, 2015

Respectfully submitted,

MORRISON & FOERSTER LLP

By: /s/ *Purvi G. Patel*
Purvi G. Patel
***Attorneys for Defendants***

---

[1] *See, e.g.,* Fed. R. Civ. Proc. 11(b), (c) (a court may issue appropriate orders to address filings that are presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); Fed. R. Civ. Proc. 16(f) (a court may issue any just orders if a party or its attorney fails to obey a scheduling or other pre-trial order); 28 U.S.C. § 1927 (a court may require an attorney to pay excess costs, expenses, and attorneys' fees incurred as a result of that attorney's conduct that "unreasonably and vexatiously" multiplies the proceedings); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991) (courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them, including the power to dismiss an action for conduct that abuses the judicial process).