UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIENNE ENGLISH,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC, et al.,<br><br>    Defendants. | Case No. 14-cv-01619-WHO<br><br>**ORDER REGARDING SEALING OF MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. Nos. 180, 182, 183, 186, 187, 197 |

Between July 1, 2015 and July 14, 2015, plaintiff made six separate filings in connection with her motion for class certification, all filed as exhibits to various administrative motions to file under seal. *See* Dkt. Nos. 180, 182, 183, 186, 187, 189. On July 1, 2015, she moved to seal the entire motion for class certification and all of its supporting exhibits. Dkt. No. 180. The next day, she filed a "corrected" motion to seal, along with six "corrected" exhibits. Dkt. Nos. 182, 183. A week later, on July 9, 2015, she filed a second "corrected" motion to seal, along with a "corrected" version of her class certification motion. Dkt. No. 186. On July 10, 2015, she filed a third "corrected" motion to seal, accompanied by an "errata" to the "corrected" version of the class certification motion. Dkt. No. 187. Finally, on July 14, 2015, she filed yet another "corrected" motion to seal, this time accompanied by two "corrected" expert reports. Dkt. No. 189.[1]

Plaintiff does not identify any confidential information concerning herself or other putative class members in the motion for class certification or its supporting exhibits. She nevertheless seeks to seal the entire motion and all of its exhibits "out of respect for Apple's sensitive trade position, [in] the interest of promoting an amicable resolution, in consideration of how important

---

[1] On July 16, 2015, at Apple's request, I issued an order prohibiting plaintiff from making any further supplemental filings in support of her motion for class certification without prior leave of the Court. Dkt. No. 194.

1   one's reputation is, and to promote good relations with Apple." Dkt. Nos. 180, 189.

2   Apple correctly construed plaintiff's sealing request as governed by Civil Local Rule 79-
3   5(e), which applies where the party moving to seal "seek[s] to file under seal a document
4   designated as confidential by the opposing party or a nonparty pursuant to a protective order, or a
5   document containing information so designated by an opposing party or a nonparty." Civil L.R.
6   79-5(e). After receiving an extension of time, Dkt. Nos. 184, 185, Apple filed its declaration in
7   support of sealing pursuant to Civil Local Rules 79-5(e)(1) and 79-5(d)(1)(A) on July 20, 2015.
8   Dkt. No. 197.

9   Apple seeks to seal two categories of documents. First, Apple seeks to seal in their
10  entirety those documents that have been supplanted by plaintiff's various "corrected" or other
11  amended filings. Dkt. No. 197 at 1. Those documents are no longer material to this case, and this
12  first request is GRANTED.

13  Apple also seeks to seal various portions of the most recent versions of the motion for class
14  certification and its exhibits. Apple identifies four categories of information for sealing: (1)
15  information concerning its remanufacturing and testing processes; (2) information concerning its
16  internal training materials; (3) information concerning its sales and service numbers; and (4)
17  information concerning its databases and data capabilities. Vyas Decl. ¶¶ 2-13 (Dkt. No. 197-9).

18  With respect to each of the four categories, Apple offers essentially the same justification
19  for sealing – i.e., that the information is confidential, and that its disclosure "would pose a
20  substantial risk to Apple's interests and could adversely impact Apple's ability to compete in the
21  future," because competitors could model their own business operations after Apple's or otherwise
22  use the information to "unfairly compete" with Apple. *Id.* ¶¶ 4, 7, 10, 13.

23  "The Ninth Circuit has not ruled as to whether a motion for class certification is a
24  dispositive motion for the purposes of determining whether the compelling reasons standard
25  applies" to a sealing request. *Ramirez v. Trans Union, LLC*, No. 12-cv-00632-JSC, 2014 WL
26  1677815, at *2 (N.D. Cal. Apr. 28, 2014) (internal quotation marks omitted). Although courts in
27  this district generally treat motions for class certification as nondispositive, they have also
28  recognized that "there may be circumstances in which a motion for class certification is case

1   dispositive," for example, where the "denial of class status means that the stakes are too low for
2   the named plaintiffs to continue the matter." *In re High-Tech Employee Antitrust Litig.*, No. 11-
3   cv-02509-LHK, 2013 WL 163779, at *2 n.1 (N.D. Cal. Jan. 15, 2013) (internal quotation marks
4   omitted); *see also Dugan v. Lloyds TSB Bank, PLC*, No. 12-cv-02549-NJV, 2013 WL 1435223, at
5   *1 (N.D. Cal. Apr. 9, 2013) ("Unless the denial of a motion for class certification would constitute
6   the death knell of a case, the vast majority of courts within this circuit treat motions for class
7   certification as nondispositive motions to which the good cause sealing standard applies.")
8   (internal quotation marks and alterations omitted).

9        Here, plaintiff's individual damages claims are sufficiently limited that it is not plausible
10  that she would continue to litigate the case if certification is denied. Accordingly, I find that the
11  compelling reasons standard applies. *See Herskowitz v. Apple, Inc.*, No. 12-cv-02131-LHK, 2014
12  WL 3920036, at *2 (N.D. Cal. Aug. 7, 2014) (applying compelling reasons standard to documents
13  filed in connection with class certification motion where named plaintiff's limited individual
14  damages claims "strongly suggest that the stakes of this case following the Court's denial of class
15  certification are now too low for the named plaintiffs to continue the matter") (internal quotation
16  marks omitted).

17       Under that standard, a party seeking to seal materials must identify "compelling reasons
18  supported by specific factual findings . . . that outweigh the general history of access" to judicial
19  records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal
20  quotation marks, citations, and alterations omitted). "This presumption of access may be
21  overcome only on the basis of articulable facts known to the court, not on the basis of unsupported
22  hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal
23  quotation marks omitted). In general, compelling reasons sufficient to justify sealing exist when
24  the materials "might have become a vehicle for improper purposes, such as the use of records to
25  gratify private spite, promote public scandal, circulate libelous statements, or release trade
26  secrets." *Kamakana*, 447 F.3d at 1179 (internal quotation marks omitted). But "[t]he mere fact
27  that the production of records may lead to a litigant's embarrassment, incrimination, or exposure
28  to further litigation will not, without more, compel the court to seal its records." *Id.*

1   In addition, under this district's civil local rules, "[a] sealing order may issue only upon a
2   request that establishes that the document, or portions thereof, are privileged, protectable as a trade
3   secret, or otherwise entitled to protection under the law." Civil L.R. 79-5(b). The sealing request
4   must also be "narrowly tailored." *Id.*

5   With these principles in mind, I rule as follows:

| Information Concerning Apple's Remanufacturing and Testing Processes ||||| 
|---|---|---|---|---|
| **Dkt. No.** | **Exhibit No.** | **Document Name** | **Portions Identified for Sealing** | **Ruling** |
| 186-1 | N/A | Motion for Class Certification | 4:19-21<br>9:1-3<br>12:6-9 | DENIED |
| 180-8 | 3 | Lanigan Depo. | 27:1-25<br>28:1-8, 24-25<br>93:1-2, 4-25<br>94:1-25<br>105:1-3, 15, 18<br>160:1-2, 5-13, 22-25<br>161:1-10, 12-13, 15-25<br>163:1-23<br>167:1-4, 7-8, 11-25<br>168:1-25<br>169:1-20<br>171:11-25<br>177:17-25<br>215:1-2, 5-7, 9-11, 13, 17-22, 24-25<br>216:1-2, 4-9, 13-24<br>220:1-15<br>221:3-4, 7-18, 20-25<br>225:1-4, 6-11<br>226:24-25<br>227:1-14, 16-25<br>272:9-15, 20-21<br>273:7-13, 16-17, 19-25<br>274:1-14, 18-20, 22-24 | DENIED |
| 180-23 | 18 | Dixon Decl. | 2:7-28<br>3:1-8.5, 12-14.5 | DENIED |

| Information Concerning Apple's Internal Training Materials ||||| 
|---|---|---|---|---|
| **Dkt. No.** | **Exhibit No.** | **Document Name** | **Portions Identified for Sealing** | **Ruling** |
| 186-1 | N/A | Motion for Class Certification | 10:26-28<br>11:1-5<br>12:24-27<br>13:5-10 | DENIED |
| 183-5 | 19 | Reed Decl. | 4:10-12 | DENIED |

4

| Dkt. No. | Exhibit No. | Document Name | Portions Identified for Sealing | Ruling |
|---|---|---|---|---|
| 180-25 | 20 | Apple Products and Services: Apple Retail Training Core Training Facilitator Guide | All | CONDITIONALLY GRANTED |
| 183-6 | 21 | Ramos Decl. | 3:11-13 | DENIED |
| 180-27 | 22 | Apple Services: Market Core Training Facilitator Guide | All | CONDITIONALLY GRANTED |
| 180-28 | 23 | Core Training Facilitator Guide: Apple Products and Services | All | CONDITIONALLY GRANTED |
| 180-29 | 24 | Louise: AppleCare+ Timeline Updates: Black Project | All | CONDITIONALLY GRANTED |
| 180-34 | 29 | AOS Learning: Selling the AppleCare Protection Plan Facilitator's Guide | All | CONDITIONALLY GRANTED |
| 180-35 | 30 | Training Activity | All | CONDITIONALLY GRANTED |
| 180-36 | 31 | Training Materials and Test Questions | All | CONDITIONALLY GRANTED |
| 180-38 | 33 | Apple Products | All | CONDITIONALLY GRANTED |
| 180-39 | 34 | AppleCare+ Enroll at Time of Incident | All | CONDITIONALLY GRANTED |
| 180-40 | 35 | AppleCare+ Enroll Within 30 Days of Purchase | All | CONDITIONALLY GRANTED |
| 180-41 | 36 | Positioning AppleCare+ in the Family Room | All | CONDITIONALLY GRANTED |
| 180-42 | 37 | APL00000791 | All | CONDITIONALLY GRANTED |

Information Concerning Apple's Sales and Service Numbers

| Dkt. No. | Exhibit No. | Document Name | Portions Identified for Sealing | Ruling |
|---|---|---|---|---|
| 186-1 | N/A | Motion for Class Certification | 10:13 18:7-9 | CONDITIONALLY GRANTED |

| Dkt. No. | Exhibit No. | Document Name | Portions Identified for Sealing | Ruling |
|---|---|---|---|---|
| 180-31 | 26 | Defendant Apple Inc.'s Highly Confidential Responses to Plaintiff's Interrogatories, (Set Two) | 4:19<br>5:12<br>6:10<br>7:5 | CONDITIONALLY GRANTED |

Information Concerning Apple's Databases and Data Capabilities

| Dkt. No. | Exhibit No. | Document Name | Portions Identified for Sealing | Ruling |
|---|---|---|---|---|
| 186-1 | N/A | Motion for Class Certification | 9:20.5-27.5<br>10:1-2<br>17:28.5<br>18:1 | DENIED |
| 180-10 | 5 | Morrison Depo. | 67:5-11<br>71:14-18<br>79:16<br>170:17-20 | DENIED |

Because it appears that at least some of the denied sealing requests listed above are merely overbroad and/or concern information that could be sealable upon a proper showing, I will deny the requests without prejudice. Apple may file a revised declaration narrowing its sealing requests and/or articulating specific reasons justifying those requests within seven days of the date of this order. If Apple does not do so, the materials will be unsealed.

In addition, as the motion for class certification is not yet fully briefed, it is not yet clear what information will be material to resolution of that motion. Accordingly, certain of the sealing requests listed above are granted conditionally, subject to reconsideration once the motion for class certification has been fully briefed and argued. I rule on the sealing requests now to provide the parties some guidance on what constitutes sealable information in this case.

**IT IS SO ORDERED**.

Dated: August 6, 2015



WILLIAM H. ORRICK
United States District Judge