1

2

3

4                           UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    FABRIENNE ENGLISH,                         Case No. 14-cv-01619-WHO

              Plaintiff,
8                                               **ORDER DENYING MOTION FOR
                                                RECONSIDERATION**
9          v.
                                                Re: Dkt. No. 233
10   APPLE INC, et al.,

              Defendants.
11

12                                  **INTRODUCTION**

13         Named plaintiff Fabrienne English accuses defendants Apple Inc., AppleCare Service

14   Company Inc., and Apple CSC Inc. (collectively, "Apple") of various misrepresentations and

15   omissions in connection with AppleCare+ ("AC+") and AppleCare Protection Plan ("APP"),

16   extended service plans Apple offers to purchasers of iPhones.  Her claims vary slightly, but her

17   core complaint is that Apple misrepresents to consumers that replacement iPhones under AC+ and

18   APP will be new, when in fact many of the replacement devices in Apple's service stock are

19   "refurbished" or otherwise not new.  On January 5, 2016, I issued an order denying with prejudice

20   English's motion for class certification.  Dkt. No. 225 ("Class Certification Order" or "Class Cert.

21   Order").  English now moves for reconsideration of that decision.  Because there is no reason that

22   the evidence offered with the motion for reconsideration could not have been presented when the

23   motion for class certification was briefed, and because the Class Certification Order was neither

24   clearly erroneous nor manifestly unjust, English's motion for reconsideration is DENIED.

25                                  **BACKGROUND**

26         I denied English's motion for class certification on two grounds.  First, I held that, for a

27   variety of reasons, none of her five theories of liability provided a viable basis for a certifiable

28

1    class.[1]  Class Cert. Order at 10-22.  Second, I held that she had not established adequacy of

2    counsel under Federal Rule of Civil Procedure 23(a)(4).  *Id.* at 23-25.

3            In ruling on adequacy of counsel, I found that the introduction of Kershaw Cutter &

4    Ratinoff LLP ("KCR")[2] as co-counsel shortly after English moved for class certification alleviated

5    my adequacy concerns to some degree, but not enough to preclude those concerns from weighing

6    against class certification, in particular in light of the three sets of co-counsel that had previously

7    made appearances in the case only to withdraw within, at most, two-and-a-half months.  *Id.*  On

8    February 5, 2016, one month after I issued the Class Certification Order, English notified the

9    Court that KCR was withdrawing from the case.  Dkt. No. 231.  She filed her motion for

10   reconsideration on February 9, 2016.[3]  Dkt. No. 233 ("Mot.").  I determined that oral argument on

11   the motion was unnecessary and vacated the hearing set for March 23, 2016.  Dkt. No. 262.

---

[1] I described the five theories of liability as follows:

> (1) that Apple misrepresented to class members who purchased AC+ at the time of accidental damage and simultaneously purchased a replacement iPhone that the initial replacement would not count as one of the two incidents available under their AC+ plan;
>
> (2) that Apple packages refurbished replacement iPhones in plain, white, unbranded boxes without any indicators that the iPhones are not new;
>
> (3) that Apple orally misrepresents during sales interactions that replacement iPhones under the service plans will be new;
>
> (4) that Apple misrepresents in the terms and conditions for the service plans that replacement iPhones will be "equivalent to new in performance and reliability" and "at least functionally equivalent to the original product;" and
>
> (5) that Apple improperly omits that replacement iPhones under the service plans could be refurbished iPhones.

Class Cert. Order at 10.  English did not dispute this characterization of her claims at the class certification hearing, and does not do so in her briefing on the instant motion.

[2] KCR has since changed its name to Cutter Law P.C.  Dkt. No. 229.  Because the Class Certification Order uses "KCR," I do the same here.

[3] More specifically, English moved for leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9.  *See* Mot. at 1.  At the case management conference on February 9, 2016, I instructed Apple to treat the motion as an actual motion for reconsideration, as opposed to a motion for leave to file such a motion, and to respond appropriately.  *See* Dkt. No. 235.

United States District Court
Northern District of California

**LEGAL STANDARD**

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Reconsideration "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks omitted). Accordingly, a motion for reconsideration may not be used to raise evidence or argument for the first time that "could reasonably have been raised earlier in the litigation." *Marlyn*, 571 F.3d at 880 (internal quotation marks omitted); *see also Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) ("[R]eargument should not be used as a means

United States District Court
Northern District of California

1   to argue new facts or issues that inexcusably were not presented to the court in the matter

2   previously decided.") (internal quotation marks omitted).[4]

3   **DISCUSSION**

4   English identifies no intervening change in controlling law and no highly unusual

5   circumstances warranting reconsideration.  Her motion is based on the purported submission of

6   newly discovered evidence (in the form of dozens of exhibits, comprising hundreds of pages,

7   submitted in conjunction with her reconsideration motion and reply brief) and various arguments

8   aimed at showing that the Class Certification Order was clearly erroneous and/or manifestly

9   unjust.

10   English is not entitled to reconsideration on the basis of newly discovered evidence.  The

11   basic principle that a motion for reconsideration may not be used to present evidence for the first

12   time that "could reasonably have been raised earlier in the litigation," *Marlyn*, 571 F.3d at 880, is

---

[4] This legal standard is drawn from cases concerning reconsideration of judgments under Federal Rule of Civil Procedure 59(e).  Courts in this district regularly apply these same rules to motions for reconsideration of interlocutory orders. *See, e.g., Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-cv-04000-EMC, 2015 WL 8477293, at *2 (N.D. Cal. Dec. 10, 2015); *Wyrzykowski v. Cty. of Marin*, No. 14-cv-03825-LB, 2015 WL 5652703, at *2 (N.D. Cal. Sept. 25, 2015); *Khasin v. R.C. Bigelow, Inc.*, No. 12-cv-02204-WHO, 2015 WL 5569161, at *1 (N.D. Cal. Sept. 21, 2015); *Free Range Content, Inc. v. Google Inc.*, No. 14-cv-02329-BLF, 2015 WL 5029480, at *2 (N.D. Cal. Aug. 25, 2015).  In line with the rules governing reconsideration under Rule 59(e), Civil Local Rule 7-9 requires a party seeking leave to move for reconsideration of an interlocutory order to establish both "reasonably diligence in bringing the motion" and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).  Although I instructed Apple to address the merits of English's reconsideration motion, as opposed to the propriety of her filing it, "[t]his does not absolve [English] from making the required showing prior to the granting of [the] motion." *Flintkote Co. v. Gen. Acc. Assur. Co. of Canada*, 692 F. Supp. 2d 1194, 1197 (N.D. Cal. 2010).

United States District Court
Northern District of California

United States District Court
Northern District of California

1   fatal to her bid for reconsideration on this ground.  All of the evidence she now submits either

2   (1) could reasonably have been submitted in support of her class certification motion; or (2) *was*

3   submitted with the briefing on that motion.  *See* Kennedy Decl. Exs. 1-13AA (Dkt. Nos. 233-3 to

4   233-44); Kennedy Reply Decl. Exs. A-Q (Dkt. Nos. 257-1 to 257-36).

5          A few examples illustrate this point.  English submits a declaration from Laurel Pallock, a

6   previously undisclosed witness who English describes as a "consumer expert." Mot. at 4.  The

7   declaration sets out Pallock's opinions on Apple's alleged misrepresentations and omissions, and

8   on class counsel's adequacy to represent the class.  *See* Corrected Pallock Decl. ¶¶ 2-18 (Kennedy

9   Decl. Ex. 13A, Dkt. No. 250).  English's only explanation for not submitting the Pallock

10  declaration earlier is that class counsel "first met and retained [Pallock] on February 1, 2016."

11  Mot. at 4; *see also* Reply at 2 (Dkt. No. 256-3) (noting that class counsel "did not even meet Ms.

12  Pallock until Feb. 2016, approx. a week before filing the [motion for reconsideration]").

13         There is no indication that any of the evidence Pallock relies on was not reasonably

14  available at the time of the original class certification decision, or that her testimony, or that of a

15  similar expert, could not have been obtained earlier in the exercise of reasonable diligence.  A

16  motion for reconsideration is not an opportunity for the losing party to test out a new expert to see

17  if this one proves more effective than those previously disclosed.  *Cf. In re Fed. Home Loan*

18  *Mortgage Corp. (Freddie Mac) Sec. Litig.*, No. 09-cv-00832, 2012 WL 4435292, at *1 (S.D.N.Y.

19  Sept. 26, 2012) (denying plaintiff's request to file a successive motion for class certification,

20  where the court had previously found that the plaintiff's expert was "unreliable and unpersuasive"

21  and the plaintiff was "free to choose his most persuasive expert in support of class certification").

22  The Pallock declaration is not the sort of newly discovered evidence that provides a basis for

23  reconsideration.  *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th

24  Cir. 1987) ("Evidence is not 'newly discovered' . . . if it was in the moving party's possession at

25  the time of trial or could have been discovered with reasonable diligence."); *Frederick S. Wyle*

26  *Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) ("[T]o support a motion for

27  reconsideration . . . based upon newly discovered evidence, the movant is obliged to show not

28  only that this evidence was newly discovered or unknown to it until after the hearing, but also that

United States District Court
Northern District of California

1    it could not with reasonable diligence have discovered and produced such evidence at the

2    hearing.") (internal quotation marks and emphasis omitted).[5]

3          English submits two new declarations from former Apple employee Gabriel Tapia, one

4    with her motion for reconsideration and another with her reply brief. *See* Kennedy Decl. Ex. 13N

5    (Dkt. No. 233-29); Kennedy Reply Decl. Ex. A (Dkt. No. 265-5). English previously submitted

6    two other declarations from Tapia, one with her motion for class certification and another with her

7    reply in support of that motion. Dkt. Nos. 180-7, 214-26. She offers no explanation of why the

8    declaration she now submits with her reply brief qualifies as newly discovered evidence, and it is

9    not clear to me how it could.[6] With respect to the new Tapia declaration submitted with her

10   reconsideration motion, English contends that this is the "correct" version of the Tapia declaration,

11   and that it was not presented with her motion for class certification "due to clerical error." Mot. at

12   15; *see also* Reply at 3. Peter Kafin, who has assisted class counsel in this case, states in a

13   declaration that he "pulled the digital files of the declarations and documents for [class

14   certification brief] filing" and that he "mistakenly pulled some of the incorrect and/or outdated

15   versions of the declarations and documents, Gabriel Tapia being one example." Kafin Decl. ¶ 2

16   (Kennedy Decl. Ex. 4, Dkt. No. 233-6).

17         This explanation is dubious at best. English offers no explanation of when or how the

18   alleged clerical error was discovered, why it was not raised with the Court until approximately

19   seven months after it purportedly occurred, or in what ways the original Tapia declaration filed

20   with her class certification motion was not "correct." The "correct" Tapia declaration she now

21   submits is dated December 30, 2015 – well after both when the declaration was purportedly

22

---

[5] Citing *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919 (C.D. Cal. 2015), Apple moves to strike
the Pallock declaration on the ground that Pallock was not previously disclosed as an expert. *See*
Oppo. at 12 (Dkt. No. 252). In *Conagra*, the court struck an expert declaration submitted with a
reply brief where the expert had not been previously disclosed as such – despite a scheduling order
requiring the parties to make their experts available for deposition by a certain date – and the
opposing party was given "no opportunity to depose [the expert] or otherwise test the veracity of
his statements and opinions." 90 F. Supp. 3d at 957-58. In light of my ruling above, Apple's
motion to strike is DENIED AS MOOT.

[6] Moreover, as discussed below, the Tapia declaration submitted with English's reply in support of
reconsideration is not proper reply evidence and will be struck for that reason.

United States District Court
Northern District of California

1    supposed to have been filed (with the class certification motion, on July 1, 2015) and the date of

2    the class certification hearing (October 14, 2015).  Further, the "correct" Tapia declaration

3    includes the exact language of the Tapia declaration English filed with her reply in support of class

4    certification.  *Compare* Kennedy Decl. Ex. 13N ¶ 2 *with* Dkt. No. 214-26 ¶¶ 2-3.  That declaration

5    is dated September 29, 2015 and was filed on October 1, 2015, months after the "correct" Tapia

6    declaration was purportedly supposed to have been filed.  Moreover, in her current reply brief,

7    English states that the "correct" Tapia declaration "contains statements found in previously filed

8    versions, suppl. statements from the correct decl., *plus information the Court indicated it was in*

9    *need of.*"  Reply at 3 n.3 (emphasis added).  This appears to be an admission that the "correct"

10   Tapia declaration is in fact a revised version that was drafted after, and in response to, the class

11   certification hearing.  The content of the "correct" Tapia declaration – which in large part directly

12   addresses concerns raised in Apple's opposition to class certification and at the certification

13   hearing – strongly indicates that this is the case.[7]

14       English presents several screenshots of Apple "Smart Signs" but does not dispute that

15   Apple produced the screenshots on May 6, 2015.  *See* Kennedy Decl. Ex. 13Z (Dkt. No. 233-43);

16   Patel Decl. ¶ 9 (Dkt. No. 252-1); Reply at 2-3.  Some of the screenshots were submitted with

17   Apple's opposition to English's class certification motion.  *Compare* Kennedy Decl. Ex. 13Z *with*

18   Dkt. No. 209-33.  Her only explanation of why she did not submit the others is the enigmatic

19   statement, "Expert relied on them."  Reply at 3.  Likewise, English presents a stack of Apple call

20   logs but does not dispute that Apple produced the call logs on April 24, 2015.  *See* Kennedy Decl.

21   Ex. 13AA (Dkt. No. 233-44); Patel Decl. ¶ 8; Reply at 2-3.  Some of the call logs were submitted

22   with English's class certification motion and reply in support of that motion.  *Compare* Kennedy

23   Decl. Ex. AA *with* Dkt. Nos. 180-37, 214-4.  Her only explanation of why the others were not is

24

25   _____

26   [7] In any event, I agree with Apple that the "correct" Tapia declaration is too conclusory and
     speculative to materially impact the analysis in the Class Certification Order.  Tapia states that
     "we . . . began to realize that [customers'] initial purchase actually counted as an incident [under

27   AC+]."  Kennedy Decl. Ex. 13N ¶ 2.  But he is completely silent on how he came to this
     realization.  Given his statements that "it did not appear to us that customers were losing an

28   incident," and that "[t]he system did not show . . . us [that customers were losing an incident]," *see*
     *id.*, it is not clear to me how he did.

1     that she withheld them "in an effort to avoid overburdening the Court." Mot. at 19. This

2     justification does not support the conclusion that the call logs could not reasonably have been

3     presented earlier, in particular given the volume of paper, and the numerous "corrected" filings,

4     English submitted during the course of class certification briefing. *See* Dkt. No. 194 at 2 (order

5     "prohibit[ing] [English] from making any further supplemental filings in support her motion for

6     class certification without prior leave of the Court").

7          In addition, English submits a number of declarations and other exhibits regarding

8     adequacy of class counsel. *See, e.g.,* Kennedy Decl. Exs. 1-3, 5-6, 12 (Dkt. Nos. 233-3 to 233-5,

9     233-7 to 233-8, 233-15). She offered no evidence regarding adequacy of counsel in support of her

10    motion for class certification, and although Apple squarely raised the issue in opposing that

11    motion, *see* Dkt. No. 209 at 33-35, she hardly addressed it in her reply brief, *see* Dkt. No. 211-3 at

12    15-16.

13         English does not dispute that the adequacy evidence she now submits could reasonably

14    have been presented with her briefing on class certification. *See* Mot. at 2; Reply at 12-13. She

15    argues instead that the evidence is properly considered at this juncture because (1) a motion for

16    reconsideration of a decision on class certification is governed by a more lenient standard than

17    motions for reconsideration in other contexts; and (2) she was not properly "forewarned so as to be

18    able to fully research and brief [the adequacy] issue in writing." Reply at 13.

19         Neither of these arguments is persuasive. English is correct that Rule 23(c)(1)(C)

20    authorizes a court, before final judgment, to alter or amend an order granting or denying class

21    certification. *See* Fed. R. Civ. P. 23(c)(1)(C). But courts in this circuit faced with motions to

22    reconsider orders denying class certification have routinely applied the ordinary standards for

23    reconsideration. *See Daniel F. v. Blue Shield of California*, No. 09-cv-02037-PJH, 2015 WL

24    3866212, at *5 (N.D. Cal. June 22, 2015) ("Neither a revised class definition nor deposition

25    testimony that was available at the time of the original [class certification] motion qualifies [as]

26    newly discovered evidence."); *Richey v. Borough*, No. 14-cv-00170, 2015 WL 1962880, at *2 (D.

27    Alaska Apr. 30, 2015) (denying reconsideration of denial of class certification where plaintiffs'

28    new argument was "one that plaintiffs could have asserted in their original briefing, but did not");

United States District Court
Northern District of California

8

*Lanovaz v. Twinings N. Am., Inc.*, No. 12-cv-02646-RMW, 2014 WL 7204757, at *2-3 (N.D. Cal. Dec. 17, 2014) (denying reconsideration of denial of class certification where plaintiff's new damages analysis was not based on either "new facts or facts that plaintiff could not reasonably have discovered at the time the original motion was under consideration," and plaintiff's new argument was not based on "any new law, but [was] simply a new legal argument plaintiff could have raised in the original class certification motion"); *see also* Newberg on Class Actions § 7:35 (5th ed. 2015) ("Although Rule 23(c)(1)(C) itself states, "An order that grants or denies class certification may be altered or amended before final judgment," courts uniformly apply the stringent law of the case standard to motions to reconsider initial class certification decisions.") (internal footnotes omitted). Just because English is seeking reconsideration of an order denying a motion for class certification does not mean that she gets to relitigate that motion using evidence or argument she reasonably could have presented earlier.

English's contention that she was not properly "forewarned" about the adequacy issue also fails to transform her new adequacy evidence into newly discovered evidence. As noted above, Apple squarely raised adequacy of class counsel in opposing class certification. *See* Dkt. No. 209 at 33-35. I also raised it at the class certification hearing. Oct. 14, 2015 Hearing Tr. at 11:18-12:3, 20:16-17 (Dkt. No. 236). It is undisputed that English elected not to focus on class counsel's adequacy in her reply brief or at the class certification hearing because of KCR's "strategy to focus on the merits." Mot. at 2. English's (and class counsel's) current disagreement with that strategic decision does not entitle English to raise new evidence and argument regarding class counsel's adequacy that could reasonably have been raised at the time of the class certification decision. *See Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 614 (C.D. Cal. 2013) ("[A] party's dissatisfaction with counsel's strategic decisions after an adverse result on a motion is not a proper ground for granting a motion for reconsideration, even if counsel was arguably negligent."); *Yenidunya Investments, Ltd. v. Magnum Seeds, Inc.*, No. 11-cv-01787, 2011 WL 6101015, at *2 (E.D. Cal. Dec. 7, 2011) (denying plaintiff's motion for reconsideration where the plaintiff's "decision to not raise [the arguments at issue] was a deliberate strategic decision"); *Valley Forge Ins. Co. v. Zurich Am. Ins. Co.*, No. 09-cv-02007-SBA, 2011 WL 2748334, at *3

United States District Court
Northern District of California

1    (N.D. Cal. July 14, 2011) (reconsideration is "not meant to relieve any litigant of the consequences

2    of a strategic or tactical decision").[8]

3         These are just a few examples of the evidence offered by English in support of her

4    reconsideration motion.  For reasons similar to those discussed above, the rest of the evidence also

5    fails to qualify as "newly discovered."  English has not presented newly discovered evidence

6    warranting reconsideration.[9, 10]

7         Nor has English shown that the Class Certification Order was clearly erroneous or

8    manifestly unjust.  Each of her arguments regarding the certifiability of her five theories of

9    liability either could have been presented earlier, or simply fails to establish that the Class

---

[8] English's attempt to evade the consequences of KCR's strategic decision rings particularly
hollow when juxtaposed against her request that class counsel be allowed to continue litigating
this case with yet another new co-counsel.  She states that "[a]s [class counsel] did when [KCR]
was at the helm, [class counsel] will defer to [the new co-counsel's] judgment if the Court will at
least allow her to remain class counsel and work the case."  Mot. at 14.

[9] The evidence English filed with her reply brief (comprising more than 30 exhibits, many of
which are not discussed at all in the text of the reply brief) also fails to support reconsideration for
the additional reason that it is not proper reply evidence, in particular given the short time gap
between the reply deadline and the hearing date and the volume of evidence submitted.  Apple's
request to strike this evidence, Dkt. No. 261, is GRANTED.  Apple's evidentiary objections to the
evidence are OVERRULED AS MOOT.

[10] Further, even assuming that some portion of the evidence submitted by English could be
accurately characterized as "newly discovered," no portion of the evidence is of "such magnitude
that production of it earlier would have been likely to change the disposition of the case." *Coastal
Transfer*, 833 F.2d at 211.

United States District Court
Northern District of California

1 Certification Order was clearly erroneous or manifestly unjust.[11]  Likewise, English does not

2 dispute that her arguments regarding the adequacy of class counsel could have been presented

3 earlier, *see* Mot. at 2; Reply at 12-13, and even if those arguments were properly before me –

4 which they are not – the recent withdrawal of KCR as co-counsel only amplifies my concerns

5 about class counsel's adequacy.  English's allusion in her motion to "other [unidentified] class

[11] For example, English's renewed request for discovery regarding whether her replacement iPhones were new was expressly withdrawn at the class certification hearing.  *See* Class Cert. Order at 13-14; Oct. 14, 2015 Hearing Tr. at 9-10; *see also* Patel Decl. ¶ 11 (noting that English did not seek any discovery regarding whether her replacement iPhones were in fact new, despite receiving Apple's opposition brief more than a month before the class certification hearing).  Her renewed request to add an additional named plaintiff (who she identifies for the first time in an exhibit attached to her reply brief) who she contends *did* receive a "refurbished" replacement iPhone also fails to justify reconsideration.  *See* Mot. at 18, 20; Reply at 5; *see also* Kennedy Reply Decl. Ex. P (Dkt. No. 257-35) (letter to Apple identifying proposed new named plaintiff). The complaint in this case has already been amended on four occasions, adjusting the named plaintiffs multiple times, and the deadline for further amendment was more than a year ago, on February 3, 2015.  Dkt. No. 138.  The prejudice to Apple in essentially starting over with a new named plaintiff precludes English from adding another one now.  Further, a district court has "ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial." *In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70, 73 (2d Cir. 2007).  As I made clear in the Class Certification Order by denying the class certification motion with prejudice, I do not find that a renewed class certification motion would be appropriate here.

English's reliance on *Cole v. Asurion Corp.*, 267 F.R.D. 322 (C.D. Cal. 2010), does not establish clear error or manifest injustice either.  *See, e.g.,* Reply at 4-6.  The named plaintiff in that case alleged a "common course of conduct" involving the "[d]efendants' use of a brochure that inadequately discloses material terms of the insurance program, including that participants may receive 'refurbished' replacement phones and phones worth less than the cost of a participant's deductible." 267 F.R.D. at 326.  The defendants argued that the named plaintiff was atypical because she "did not read and therefore did not rely on the allegedly misleading brochure." *Id.* at 327.  The court disagreed, finding that the evidence

> indicates that plaintiff did view the brochure. And it is the brochure – as a whole, in conjunction with the sales representative's oral presentation – that plaintiff claims is misleading. That she did not examine the "little fine print" concerning the program's use of "refurbished" phones does not undermine that claim. Moreover, because plaintiff viewed the brochure, defendants' cases illustrating lack of typicality where a class action plaintiff asserting fraud-based claims "did not read any of the documents at issue" are inapposite . . . [T]he Court does not anticipate that a defense based on plaintiff's supposed non-reliance on the brochure will "threaten to become the focus of the litigation."

*Id.* (internal citations and alterations omitted).  Here, in contrast, "it is undisputed that English did not view or rely on the AC+ terms and conditions in making her purchase." Class Cert. Order at 20.  Nor is there any evidence "that either of the Apple employees she spoke with in February and July 2013 used language based on or similar to the alleged misrepresentations in the terms and conditions." *Id.*  These circumstances make this case substantially different from *Cole*.

1  action firms wanting to assist as class counsel and willing to take the risk and expend the resources

2  necessary should . . . the Court certify the class," Mot. at 14, does not allay these concerns.  Nor

3  does the declaration of Stanley Saltzman (of Marlin & Saltzman LLP) submitted in conjunction

4  with English's reply brief.  *See* Saltzman Decl. ¶¶ 2-7 (Kennedy Reply Decl. Ex. Q, Dkt. No. 257-

5  36).  For all the reasons stated in the Class Certification Order, and in particular in light of the

6  recent withdrawal of KCR, the addition of yet another co-counsel (who has not yet made an

7  appearance and states that he is only willing to serve as co-counsel if the class is certified and

8  other preconditions are met, *see id.* ¶ 4) does not make class certification appropriate in this case.[12]

9         In the final section of her reply brief, English states that the Class Certification Order uses

10 "unfortunate phraseology" in describing class counsel's performance – specifically, "manifestly

11 incompetent" – and that internet users "have picked up on this phraseology and have peppered the

12 internet with headlines that [class counsel] is manifestly incompetent[,] gravely harm[ing] [class

13 counsel's] reputation and career."  Reply at 17-18.  English asks that the Court "at least assist in

14 correcting some of the harm done to [class counsel's] reputation and career by the Court's

15 comments and rulings in the [Class Certification Order]."  *Id.* at 18.  In light of the facts recited

16 regarding adequacy of counsel in the two pages that preceded that phraseology in the Class

17 Certification Order, my characterization was unnecessary and I withdraw it.  The facts speak for

18 themselves, and there is no doubt that class counsel, in her first class action in federal court, was

19

20 [12] English asks that class counsel be allowed to continue litigating this case along with Saltzman
   as co-counsel, but she also states that "[i]f the only way for the case to be certified is for [class
21 counsel] to withdraw, she will."  Reply at 17 n.13.  It is unclear how this offer could provide
   grounds for reconsideration.  Class counsel was inadequate to represent the putative class at the
22 time of the Class Certification Order.  She remains so now.  The offer for her to withdraw from the
   case does not change this, and English cites no authority for the proposition that adequacy of
23 counsel may be established by merit of a hitherto absent attorney who promises to make an
   appearance once the class is certified.  If there is another attorney who wishes to litigate class
24 claims similar to those brought in this case, he or she can do so in a different lawsuit.

25 In any event, even assuming that class counsel's withdrawal from the case would cure the
   adequacy of counsel issues, reconsideration would remain unwarranted given the other grounds
26 for denying certification.  Saltzman has only offered to litigate this case if the class is certified.
   Accordingly, if class counsel withdrew at this juncture, English would be left without
27 representation and thus unable to prosecute claims on behalf of the putative class.  *See Simon v.
   Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the
28 general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a
   representative capacity.").

*United States District Court*
*Northern District of California*

1    not adequate under Rule 23(a)(4).

2                                    **CONCLUSION**

3           The motion for reconsideration is DENIED.  A case management conference is set for

4    April 19, 2016 at 2:00 p.m.  The parties' joint case management statement is due by April 12,

5    2016 and shall include a proposed schedule for case management deadlines going forward.

6    Apple's deadline to file its declaration in support of sealing remains April 4, 2016.  Dkt. No. 260.

7           **IT IS SO ORDERED**.

8    Dated: March 22, 2016

9



10                                   WILLIAM H. ORRICK
                                     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California