1   PENELOPE A. PREOVOLOS (SBN 87607)
    PPreovolos@mofo.com
2   MARGARET E. MAYO (SBN 259685)
    MMayo@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Telephone: 415.268.7000
5   Facsimile: 415.268.7522

6   PURVI G. PATEL (SBN 270702)
    PPatel@mofo.com
7   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
8   Los Angeles, California  90017-3543
    Telephone: 213.892.5200
9   Facsimile: 213.892.5454

10  Attorneys for Defendants
    APPLE INC., APPLECARE SERVICE
11  COMPANY, INC., and APPLE CSC INC.

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14               SAN FRANCISCO DIVISION

15  FABRIENNE ENGLISH, on behalf of herself      Case No.      3:14-cv-01619-WHO
    and all others similarly situated,
16                                               Related Case:
                  Plaintiffs,                    *Maldonado, et al. v. Apple Inc. et al.*
17                                               Case No. 3:16-cv-04067-WHO
          v.
18                                               **DEFENDANTS' RESPONSE TO**
    APPLE INC., APPLECARE SERVICE                **PLAINTIFF'S ADMINISTRATIVE**
19  COMPANY, INC., and APPLE CSC INC.,           **MOTION FOR LEAVE TO FILE**
                                                 **ADDITIONAL MATERIALS IN**
20                Defendants.                    **SUPPORT OF PLAINTIFF'S**
                                                 **OPPOSITION TO SUMMARY**
21                                               **JUDGMENT [ECF NO. 310]**

22
                                                 Judge:        Hon. William H. Orrick
23                                               Courtroom:    2, 17th Floor

24                                               Complaint Filed:  November 4, 2013
                                                 Transfer to N.D. Cal.: April 3, 2014
25                                               Trial Date:  None set

26

27

28

1    Pursuant to Local Rule 7-11(b), Defendants file this brief response to Plaintiff's

2    "Administrative Motion for Leave to File A Supplemental Motion to Seal and Declaration, and

3    Also Leave to File Bathena Dixon's Corrected Declaration, Brian Dalrymple's Declaration

4    (w/Exhibits), and Ex. L ISO Opposition to Summary Judgment."  (ECF No. 310.)  Defendants

5    oppose Plaintiff's request for leave to file the **"corrected"** Bathena Dixon declaration, as well as

6    the **new** Brian Dalrymple declaration and exhibits.[1]

7    Throughout this litigation, Plaintiff has regularly disregarded Court-set deadlines.[2]

8    Plaintiff's most recent administrative motion for leave to file additional materials in support of

9    her summary judgment opposition continues this practice, which is inefficient and creates undue

10   burden for Defendants and the Court.  Plaintiff has notified Defendants today that she intends to

11   file an "errata" to fill in citations that are "missing" from Plaintiff's opposition brief  and to

12   "correct" (i.e., revise) a sentence in Plaintiff's brief.[3]  (Declaration of Purvi G. Patel ¶ 2.)

13   Plaintiff is "trying to" file this "errata" "this week," and has stated that it "should be" the last of

14   her post-deadline filings.  (*Id*.)

15   Plaintiff's original deadline to file her opposition was October 24, 2016, which afforded

16   Plaintiff twice the time provided by the Rules.  (ECF No. 275.)  The Court extended Plaintiff's

17   deadline to October 28.  (ECF No. 300.)  Plaintiff has effectively given herself an additional

18   extension by filing the "corrected" Dixon declaration and the Dalrymple declaration, and through

19   her anticipated "errata" revising her opposition brief.

20   Plaintiff's request for leave to file the "corrected" Dixon declaration and Dalrymple

21

22   [1] Defendants do not oppose Plaintiff's request for leave to file Exhibit L in light of Plaintiff's
23   representation that the document could not be filed on October 28, 2016, due to an "uploading
     issue with the ECF system."  (ECF No. 310 ¶ 9.)

24   [2] *See* ECF Nos. 180-183 (missed filing deadline for motion for class certification and filed
     "corrected" exhibits thereafter), 186-187 (eight days after deadline, filed a "corrected" motion for
25   class certification and an errata regarding that "corrected" motion), 194 (order prohibiting further
     filings in connection with motion for class certification without leave of the Court), 212-214
26   (missed filing deadline for reply in support of motion for class certification), 220 (eleven days
     after deadline, filed "corrected" exhibits in connection with reply in support of motion for class
27   certification).

     [3] Plaintiff was well aware of the missing citations in her opposition brief at the time of filing.
28   (*See* ECF No. 304-4, ¶ 6.)

declaration and exhibits should be denied.  Plaintiff has failed to provide any credible justification as to why she is entitled to additional extensions of time beyond what this Court has already granted, and after having failed to meet the Court's deadline.  Plaintiff's motion offers no explanation as to why the Dalrymple declaration and exhibits were not timely filed.  Further, Plaintiff's lengthy explanation regarding the various versions of the Dixon declaration demonstrates that Plaintiff was not prepared to complete her filing on time.  (ECF No. 304-4, ¶ 4 [admits that Dixon was still "working on" a new declaration (which contains additional substantive content) as of the filing deadline on October 28].)  Moreover, the "corrected" declaration was not signed until October 29—a day after Plaintiff's opposition was due.  (ECF No. 310-3.)  Plaintiff's failure to timely file these declarations was therefore not a matter of true technical difficulties (as with Exhibit L, the filing of which Defendants do not oppose).

Plaintiff's practice of late and iterative filings is not permitted by the rules of this Court and has been disruptive and costly for Defendants.  Defendants accordingly respectfully request that the Court issue an order denying Plaintiff's request for leave to file additional materials and further prohibiting Plaintiff from filing any additional documents in connection with her opposition to Defendants' motion for summary judgment, including, but not limited to any document or "errata" that makes corrections or revisions to Plaintiff's opposition brief or supporting materials.  If the Court prefers to reserve ruling on Plaintiff's motion for leave to file these additional materials, Defendants are willing to address the "corrected" Dixon declaration and Dalrymple declaration in their reply due November 23, 2016.  To prepare their reply brief efficiently, however, Defendants need for Plaintiff to cease filing additional materials in support of her opposition.

Dated:  November 4, 2016                           Respectfully submitted,

MORRISON & FOERSTER LLP

By:  _/s/ Purvi G. Patel_
          Purvi G. Patel

*Attorneys for Defendants*
*Apple Inc., AppleCare Service Company,*
*Inc., and Apple CSC Inc.*