UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIENNE ENGLISH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC, et al.,<br><br>　　　　Defendants. | Case No. 3:14-cv-01619-WHO<br><br>**ORDER DENYING PLAINTIFF'S REQUESTS IN THE "OPPOSED MOTION" AND DENYING AS MOOT DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO OPPOSE THE REQUESTS**<br><br>Re: Dkt. No. 329, 330 and 331 |

　　　　Plaintiff Fabrienne English filed under seal[1] an "Opposed[2] Motion to Compel Disclosure of Defendants' Portion of Confidential Settlement Conference Letter or Other Shared with the Court by the Magistrate Either Verbally or in Writing Containing Allegations Against Plaintiff and/or her Counsel, Motion for Additional Briefing on Summary Judgment, and Request for Another Summary Judgment Hearing." Dkt. No. 329-4. Despite plaintiff's unfounded contentions to the contrary, Magistrate Judge Laporte did not share with me, verbally or in writing, any disparaging remarks about plaintiff or her counsel, or any information regarding the settlement negotiations at all. Judge Laporte did ask me prior to the settlement conference whether I could think of any reason to continue the settlement conference. I said that I could not. Since I am unaware of "any communications … concerning attacks or allegations against Plaintiff and her counsel," *id*. at 6, except as plaintiff has now described in Dkt. No. 329, plaintiff's motion

---

[1] Plaintiff's administrative motion to file under seal will be DENIED without further order of the Court unless Apple files an objection to the order with a compelling reason for sealing within seven days of this order.

[2] I understand that Apple opposes this motion, and has not yet had an opportunity to file an opposition. *See* Kennedy Decl. ¶ 3 (Dkt. No. 329-6). Given the lack of merit in the motion, I am denying it *sua sponte*.

1 to compel is DENIED.

2     Plaintiff insists that I "should remove [myself] from the case because of taint and bias, and because of the appearance of taint and judicial bias." *Id*. at 2. I have no personal bias against plaintiff or her counsel. The only "personal knowledge of disputed evidentiary facts" I have comes from the parties' extensive briefing of and numerous hearings about the issues over the more than two years they have litigated this case before me and is described in my various reasoned orders in this case. Recusal is unnecessary and inappropriate.

    Plaintiff also moves for additional briefing and a new summary judgment hearing. *Id*. There is no good cause to allow either, and the motion is DENIED. My ruling on Apple's motion for summary judgment is forthcoming, and English has failed to show how additional briefing or argument will illuminate the disputed issues any further. As for her continued desire to test her phone, I address that issue in the summary judgment order. Suffice it to say, it is the role of the proponent, not the Court, to propose a reliable testing procedure that would form a sufficient basis for an expert with scientific, technical or other specialized knowledge to opine on a material issue in a case where testing is necessary.

    Defendants' request for an extension of time to oppose plaintiff's motions (Dkt. No. 331) is DENIED as moot.

    **IT IS SO ORDERED**.

Dated: January 11, 2017

WILLIAM H. ORRICK
United States District Judge

2