UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIENNE ENGLISH,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC, et al.,<br><br>    Defendants. | Case No. 3:14-cv-01619-WHO<br><br>**ORDER DENYING DEFENDANTS' SEALING REQUESTS**<br><br>Re: Dkt. Nos. 334, 337 |

In the Order Granting Defendants' Motion for Summary Judgment, I indicated my "plan to unredact [the] Order in its entirety and to unseal all general information related to the type of devices used as replacement units." Order at 30:16–17 (Dkt. No. 334). I directed Apple to respond "with compelling reasons why any reference in this Order should remain under seal." *Id*. at 30:19–20. Apple responded, seeking only to maintain under seal two sentences in the background section of the Order and one sentence in its Reply. Defs.' Response at 1 (Dkt. No. 337). But instead of proffering compelling reasons, Apple urged that the "good cause" standard should apply "because the information is not relevant to the Court's resolution of Defendants' motion for summary judgment." *Id*. at 2:4–5. I disagree.

The Ninth Circuit recently clarified that the "compelling reasons" test is not merely limited to "dispositive" motions. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098 (9th Cir. 2016)("When using the words 'dispositive' and 'nondispositive,' we do not believe our court intended for these descriptions to morph into mechanical classifications."); *see also id.* at 1101("[W]e make clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'") The test may also apply to sealing documents related to "nondispositive" motions that are "directly related to the merits of the case."

1  *Id*. at 1098; *see also id.* at 1101 ("[P]ublic access will turn on whether the motion is more than
2  tangentially related to the merits of a case.")  But none of that matters here, where the motion is
3  clearly dispositive, and the compelling reason standard undoubtedly applies.  *Id*. at 1098.

4      Further, the standard for sealing depends on the motion as a whole, not whether individual
5  facts within the motion are material.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180
6  (9th Cir. 2006)("[W]e treat judicial records attached to dispositive motions differently from
7  records attached to non-dispositive motions."); *see also Auto Safety*, 809 F.3d at 1102 (vacating
8  and remanding for the district court to consider the *documents* under the compelling reasons
9  standard); *id.* at 1103 (focusing on the relevance of the *pleading*, not individual facts within the
10 pleading).  "Thus a 'good cause' showing alone will not suffice to fulfill the 'compelling reasons'
11 standard that a party must meet to rebut the presumption of access to dispositive pleadings and
12 attachments."  *Kamakana*, 447 F.3d at 1180.

13     Here, the facts Apple wants to keep under seal are "more than tangentially related to the
14 merits of the case."  *See Auto Safety*, 809 F.3d at 1101.  They were used in the dispositive Order
15 authored by the Court.  One of the lines in the Order that Apple wants sealed relates precisely to
16 the type of replacement units English received.  *See* Order at 3:14–16 (discussing new iPhones as
17 replacement units).  And, although English's replacement phones were ultimately determined to be
18 new, the issues of whether or not they were reclaimed and what "reclaimed" means were clearly
19 relevant to the disposition of the case against Apple.  That information is not "irrelevant to the
20 Court's resolution of the legal challenges raised… ."  *G&C Auto Body, Inc. v. Geico Gen. Ins. Co.*,
21 No. C06-04898 MJJ, 2008 U.S. Dist. LEXIS 124119, at *9 (N.D. Cal. Mar. 11, 2008).  Nor can I
22 say that I "did not consider [the information] in connection with Defendant[s'] dispositive
23 motion."  *Music Grp. Macao Commer. Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 U.S.
24 Dist. LEXIS 85089, at *37 (N.D. Cal. June 30, 2015).  When balancing the competing interests of
25 the public and the party who seeks to keep certain judicial records secret, I cannot ascertain a
26 compelling reason to keep this information under seal.  *Kamakana*, 447 F.3d at 1179.

27     Accordingly, the information should be unredacted.  The unredacted Order will be
28 unsealed by the Court.  The parties are directed to re-file unredacted versions of documents in

accordance with the "Administrative Motions" portion of the Order Granting Defendants' Motion for Summary Judgment (Dkt. No. 334).

**IT IS SO ORDERED**.

Dated: January 27, 2017



WILLIAM H. ORRICK
United States District Judge